WATSON *against* WATSON and others :

IN ERROR.

A bill of exceptions must be confined to some particular point or question, made at the trial and overruled ; and cannot be used to bring up the whole case, as it appeared in evidence, for revision.

In this state, it is necessary for the plaintiff in replevin, on the general issue of *non cepit*, to shew, not merely a taking and detention, but an attachment or distress ; without which he will fail of a recovery.

THE original action was *replevin*, instituted by *John B. Watson* against *John Watson* and others, before a justice of the peace. The declaration contained four counts ; in the first of which the defendants were charged with having taken and *unjustly impounded* the beasts therein described. (*a*) In the other counts no distress or impounding was alleged. The defendants pleaded, severally, that they did not take the plaintiff's beasts and impound the same, in manner and form as the plaintiff in his declaration had alleged ; upon which issue was joined, and upon which, after a trial, judgment was rendered for the defendants. The plaintiff thereupon tendered the following bill of exceptions : " Be it remembered, that on the trial of this cause, on the issue of *non cepit*, it was proved, by the evidence adduced, that the defendants had the possession of said horses, and continued to hold the same after they had been demanded by the plaintiff, and against his consent ; and the defendants, without right, had and detained said horses mentioned in the plaintiff's declaration, at the several times and at the several places mentioned in the plaintiff's declaration ; whereupon the plaintiff claimed, that he was enti-

(*a*) This count is recited in *Watson* v. *Watson* & al. 9 *Conn. Rep.* 141.

*Hartford,
June, 1834.*

Watson
*v.*
Watson.

tled to judgment in his favour in said action ; but the court decided, that this evidence did not support the issue, and gave judgment for the defendants." This bill of exceptions was allowed, by the justice ; upon which a writ of error was brought in the superior court ; and the judgment of the justice was affirmed. On motion in error by the plaintiff, the case came before this court for revision.

*Loomis* and *J. B. Watson,* for the plaintiff in error.

*S. Terry,* for the defendants in error.

CHURCH, J.   1. The bill of exceptions is objectionable. It presents no question distinctly, and is not confined to any point or question made at the trial, but brings up, as on a demurrer to evidence, the whole of the plaintiff's case. This practice is inadmissible.   *McDonald* v. *Fisher, Kirby* 339.   1 *Swift's Dig.* 771. 2 *Tidd's Prac.* 786. & seq. [911.]

2. By the common law, the general issue of *non cepit* admits property in the plaintiff, and denies only the taking. The law of this state, as was determined in the case of *Watson* v. *Watson* & al. 9 *Conn. Rep.* 141. is essentially different from the common law, in a very important particular ; which is, that a writ of replevin is sustainable only in cases of attachment and distress. The plea of *non cepit,* therefore, puts the attachment or distress in issue ; and because from the bill of exceptions it does not appear, that the beasts of the plaintiff were either attached, distrained or impounded, the justice was justified in determining the issue in favour of the defendants ; and therefore, the judgment of the superior court, affirming the judgment of the justice, should be affirmed.

The other Judges were of the same opinion.

Judgment affirmed.