*Litchfield,*
June, 1834.

ADAM *against* The town of LITCHFIELD.

Adam
*v.*
Litchfield.

To render an assessment list legal and valid, every article therein specified must appear on the face of such list to be legally subject to taxation.

Therefore, where the assessment list, on which a tax was laid and collected of *J. A.*, was in part made up of an item, inserted by the board of relief, in these words : " Add to *J. A.'s* list 5000 dollars ;" which was carried into the abstract left with the town-clerk thus : " Additions by board of relief, 300 dollars ;" it was held, that the expressions " 5000 dollars" and " 300 dollars," as here used, imported *money,* which, of itself, is not subject to taxation ; and consequently, the tax laid on such assessment list was illegal.

The action of *indebitatus assumpsit* for money had and received, is the appropriate remedy for the recovery of money collected under an illegal assessment.

| 10 | 127 |
| 76 | 669 |

THIS was an action of *indebitatus assumpsit* for money had and received, with the other usual money counts.

The cause was tried at *Litchfield, February* term 1834, before *Church,* J.

In pursuance of a vote of the town of *Litchfield,* in *April,* 1831, laying a tax of five cents on the dollar on the list of 1830, a rate-bill, with a warrant annexed, was duly made out and put into the hands of a constable, who, being thereby directed to collect of the plaintiff a tax of 23 dollars, 55 cents, levied the warrant on the plaintiff's property, sold it according to law, and from the avails paid over the amount of the plaintiff's tax to the town treasurer. The assessors made out an abstract of the lists of the inhabitants for the year 1830, upon which, in connexion with the alterations made by the board of relief, the rate-bill was made out. The plaintiff's list, as stated by the assessors, amounted to 171 dollars, 8 cents. The board of relief, at their meeting, on the first *Monday* of *January,* 1831, made sundry additions and deductions, specified in a paper signed by them, and left with the town-clerk. Among these was the following item : " Add to *John Adam's* list 5000 dollars." From this paper the clerk of the board of relief made an entry in the abstract of assessment lists in the town-clerk's office, against the plaintiff's name, in these words : " Additions by board of relief, 300 dollars ;" which, being added to the original amount, made the total 471 dollars, 8 cents. Among other alterations made by the board of relief, and appearing on the same paper, were the following : " Add to *David Parme-*

*lee's* list, money at interest, 5,500 dollars."—"Do. to *Grant Wickwire,* money at interest, 500 dollars."

The defendants offered the testimony of the members of the board of relief, that by the entry " Add to *John Adam's* list 5000 dollars," they meant money at interest, well secured according to the statute, so as to render it a proper subject of taxation ; and that the plaintiff was fully heard before them on the subject.    To this testimony the plaintiff objected ; but the court admitted it.

The defendants also offered the testimony of *John R. Landon* to prove, that he, as agent of the plaintiff, loaned, in 1828, 5000 dollars to a person in the state of *New-York,* and took that person's note, secured by surety and mortgage, payable at the end of five years, with interest ; and that the security for principal and interest, was adequate.    To this testimony the plaintiff objected ; but the court admitted it.

The plaintiff requested the court to instruct the jury, that the entry made by the board of relief in the paper signed by them, did not sufficiently express the subject of taxation, and did not authorize the clerk to add " 300 dollars," in the abstract.    The court charged the jury, that said entry by the assessors, taken in connexion with the whole paper, and the undisputed facts in the case, sufficiently expressed the subject of taxation, and authorized the clerk to make the addition of " 300 dollars" in the abstract.

The jury returned a verdict for the defendants ; and the plaintiff moved for a new trial, for the admission of improper testimony and for a mis-direction.

*L. Church* and *T. Smith,* in support of the motion, among other points which it is not now necessary to notice, contended, I. That the abstract of the assessors, as altered by the board of relief, was void on its face ; first, because it was the assessment of a gross sum, without specifying the property on which it was assessed ; secondly, because, if the language of the abstract imported any property, it was not money due, still less was it money at interest, well secured by note or mortgage, but simply *money on hand—cash—*which is not the subject of taxation.

2. That the entry of " 300 dollars" made by the clerk, did

not help out the abstract. It is in itself equally vague and insufficient; and reflects no light on the other paper.

3. That the testimony of the board of relief as to what they intended by the writing, was clearly inadmissible. It is the case of a patent ambiguity, which cannot be explained, by parol proof. 3 *Stark. Ev.* 995, 6.

4. That the testimony of *Landon* was obnoxious to the same objection, or to another equally fatal, that it was wholly irrelevant. It either went to shew what must appear from the writing alone, or to prove facts out of the case.

5. That the remedy selected by the plaintiff, is the appropriate one. *Atwater* v. *Woodbridge*, 6 *Conn. Rep.* 223. *Osborne* v. *Humphrey* & al. 7 *Conn. Rep.* 335.

*P. Miner* and *O. S. Seymour*, contra, contended, 1. That the proceedings of the board of relief were regular and in due form of law. In the first place, the property added to the list is sufficiently expressed. " Five thousand dollars," *ex vi termini*, means so much *money ;* and it must be presumed to be money so situated as to be taxable ; otherwise, the board of relief could not have added it, consistently with their duty. The presumption of law is, (until the contrary appears,) that public officers have done their duty. *Booth* v. *Booth*, 7 *Conn. Rep.* 350. *Ives* v. *Lynn*, 7 *Conn. Rep.* 505. The situation and object of the signers, as disclosed by the writing, may be taken into consideration, to aid in its construction. *Peck* v. *Wallace*, 9 *Conn. Rep.* 453. Secondly, the *property* is inserted in the list ; and it is not necessary to specify in the abstract the circumstances of the property.

2. That a new trial ought not to be granted for the admission of parol evidence. The purposes for which it was offered, and the grounds on which it was objected to, are not disclosed in the motion. It was admitted only in connexion with the fact that the plaintiff was heard before the board of relief, and to shew on what subject he was heard. If the parol evidence was unnecessary to aid the construction, it did no hurt ; and a new trial will not be granted for its admission.

DAGGETT, Ch. J. The plaintiff, it appears, paid a tax to the town of *Litchfield*. This tax, he now insists, was in part illegally assessed against him ; for that a part of his list,

*Litchfield,*
June, 1834.

Adam
*v.*
Litchfield.

amounting to 300 dollars, and on which the tax was laid, was not taxable property.

By our statute, provision is made for the assessment of taxes. *Stat.* 444. *tit.* 100. *c.* 1. Assessors are to be chosen to receive the lists of the inhabitants, to add property omitted, to make a valuation of items, and assessments upon particular professions and occupations. An abstract of the list, thus perfected, is to be lodged with the town-clerk, in each year, by the first day of *December.* These lists and valuations the town-clerk is directed to submit, when requested, to the inspection of every person liable to pay taxes. A board of relief is constituted to hear and determine appeals from the doings of the assessors ; and the assessment thus made is the rule for the apportionment of taxes to individuals.

The reason of this legislative provision, is very apparent. It is for the benefit of every inhabitant, that each may inspect the list of his estate ; and if he believes injustice is done him, that he may appeal to the board of relief. *The Thompson Manufacturing Company* v. *Lathrop,* 7 *Conn. Rep.* 550. 555.

On this motion for a new trial, there were many questions made and discussed, which, in my opinion, are very unnecessary to be decided ; for on one point, and that goes to the merits of the cause, the plaintiff is entitled to a new trial. The assessment list, on which this tax was laid and collected of the plaintiff, contains the following item, made by the board of relief : " Add to *John Adam's* list 5000 dollars." In the abstract furnished for the town-clerk, it is thus stated : " Additions by board of relief, 300 dollars." The testimony of the board of relief was admitted, on objection, by the Judge, at the circuit, to show, that by that item was intended *money at interest*, 5000 *dollars, at six per cent.,* 300 *dollars.* Also *John R. Landon* was admitted as a witness, o prove, that the plaintiff had the sum of 5000 dollars at interest, in the state of *New-York ;* and that it was well secured. He also was objected to. These interlocutory opinions become very unimportant, in the view which I take of this case. By looking into the statute, it will be seen, that it expressly requires, that every article subject to taxation, shall appear on the list. Thus, "all moneys at interest, well secured, &c. shall be set in the list at six per cent." *Stat.* 448. The only question is, whether this article

of 5000 dollars *money at interest*, does appear on the list of *John Adam?.* If it must appear on the list as taxable property, and does not so appear, proof by parol is inadmissible. If it does so appear, such proof is unnecessary. The statute, we have seen, positively requires it ; and the reason is, that the person whose property is set down for taxation, may know for what he is to be taxed, and apply for relief. " Add 5000 dollars to *John Adam's* list," may mean any number of articles valued at 5000 dollars, as houses, lands, stock, &c., or it may mean 5000 dollars in cash. Standing alone, it doubtless means that sum *in money.* No other meaning can be attached to it. But *money* is not subject to taxation. There could, therefore, be no assessment of this sum of 5000 dollars ; and of course, the tax upon it is illegal. This idea is much fortified, by two other lists appearing on this abstract. By the abstract, it will be seen, that 5,500 dollars *money at interest* is added to the list of *D. P.,* and 500 dollars *money at interest* to the list of *G. W.*

I am, then, satisfied, that no article of taxation of 5000 dollars appears on the list of the plaintiff ; and the tax, therefore, is illegally laid, so far as this item is concerned.

It was made a question, whether this action of *assumpsit* was the proper action to try the question of the legality of this tax. On this point I entertain no doubt. The cases are numerous, in which actions of *assumpsit* are sustained.

Let there be a new trial.

WILLIAMS and BISSELL, Js. were of the same opinion.

CHURCH, J. Assessors and members of boards of relief are selected for their integrity and sound judgment in the valuation of property, rather than for any supposed technical accuracy in the *forms of business.*

Assessment lists should be made up with so much certainty, that tax-payers may know for what and for how much, they are to be taxed, and that the taxes to be levied may be duly apportioned. I think this certainty appears on the certificate in question. Can it be seen, with reasonable certainty, what is meant ? If it can, it is enough ; and such I understand to be the doctrine of the case of *Peck* v. *Wallace*, 9 *Conn. Rep.* **453.**

The statute prescribing the duties of the board of relief, and under which it is agreed the board acted, in the present case, has authorized it to increase the list of any person. *Stat.* 445. *tit.* 100. *c.* 1. *sec.* 1. By which is manifestly intended, that it may add to the list of any person any taxable item, whether it be poll or estate, which has been omitted. For this and other purposes, this board was appointed, and sworn and met together. The plaintiff appeared before it, and was heard ; and the result of all was, that the board of relief made and signed a certificate of its doings and logded it with the town-clerk, upon which appear the additions made to the lists of several persons, as well of polls as estate, and among others, is the following, which furnishes the subject of the present controversy : " Add to *John Adam's* list $5000."

A special pleader would probably be very ignorant of what could be intended by this entry ; but the eyes of common sense, which, I think, should alone be brought to its inspection, can hardly fail to discover, that to *John Adam's* list was added 5000 dollars of money. The question is, what money ? Was it money in his chest ? No ; for such money is not taxable ; and the board of relief would have been guilty of a violation both of duty and of oaths, to have added money in such a condition to any list. I know not why greater precision in form should be required in the addition made to the list of the plaintiff, than in additions made to the lists of others appearing on the same certificate ; nor why the same presumptions should not be extended to the one as to the others, and about which no doubt ever has been or can be entertained. To several lists polls are added ; to others, horses and neat cattle ; and it is to be presumed, that taxable polls, &c. only are added ; and for no other reason, that I know of, than that the board of relief had no legal right to add any other, and the law will not presume that it has violated its duty, but will presume that it has performed it. In the additions alluded to, the board of relief have not so described the polls and estate added, that it certainly appears they were taxable ; it has not said, that the polls added were of persons from twenty-one to seventy years of age ; nor in the case of horses and neat cattle, have they said, that they were one year old or more ; but because none others were taxable, it is presumed, that none others were meant. So far as I can perceive, the case of the plaintiff is the same. An item

of five thousand dollars of money has been added to the plain-<span style="float:right"><em>Litchfield,</em><br>June, 1834.</span> tiff's list: it is to be presumed to be money at interest, because no other moneys are taxable ; and the board of relief had no right to add any other money to the plaintiff's list.

<em>Adam<br>v.<br></em>Litchfield.

It is said, that by 5000 dollars, the board of relief might have intended the sum total of the valuation of some additional estate of the plaintiff. We may as well conjecture any thing else as this ; and with more plausibility indeed ; because in every other instance, and there are several appearing upon this certificate, when the sum total of the valuation of estate is added, the particulars of the estate, with their specific valuation making up the sum total, are given.

I more readily adopt this construction of the certificate of the board of relief, because I am persuaded, that to require of these officers greater exactness *of form* in their proceedings than is necessary to furnish reasonable notice of their doings to those interested in them, will very much embarrass the assessment and collection of taxes, and will hereafter, as it has done heretofore, make necessary the annual interposition of the General Assembly.

I am of opinion, that a new trial ought not to be granted.

PETERS, J. was absent.

New trial to be granted.