PICKET *against* ALLEN:

IN ERROR.

A collector of taxes is empowered to collect the taxes in his rate-bill, after the expiration of the year for which he was appointed, and notwithstanding another collector of the same description of taxes has been appointed and sworn.

A clause inserted in a warrant for the collection of taxes, in these words: "and you are hereby directed to settle with the select-men, by the 20th of *September* next,"—is merely directory, and does not limit the power of the collector in the collection of the tax, to that day.

It is not necessary that a collector of taxes, who has taken and sold property to satisfy the tax, should specify in his return the day of the week on which the sale took place.

Where the day on which the property was taken under a tax warrant, was the 29th of *September*, 1830; and it appeared, by reference to the calendar, that if that day were excluded in the computation of time, the twenty days would end on *Sunday;* it was held, that adopting this computation, the *legal* termination of the twenty days was on *Monday;* and consequently, the return, shewing a sale at the expiration of that period, was sufficient.

Where a tax warrant was addressed to "*A. B.*, collector of a highway tax, district No. 2.;" and it appeared from the face of the warrant, that the tax was laid by the inhabitants of the town of *S.*, and the warrant was there dated; it was held, that, by fair intendment, the district named in the warrant was in the town of *S.;* and consequently, the collector and the district were sufficiently described.

A tax warrant, directing the collector "to collect of the persons named in the annexed list, the proportion of each, as there set down, of the sum total of the list," unaccompanied by any rate-bill, is a dead letter, conferring no authority on the collector to take the property of any individual.

*Fairfield,*
June, 1834.

Picket
*v.*
Allen.

The office of a bill of exceptions is not to bring up the entire case, and draw the whole matter into examination again, but to present for revision some point of law, insisted on, by the party, on the trial, and in which he was overruled by the court.

Therefore, where the defendant, in an action for taking the property of the plaintiff, justified the taking under a tax warrant, which he exhibited in evidence; the plaintiff objected to such evidence, on sundry grounds, but not for the want of a rate-bill annexed; and after a verdict for the defendant, the plaintiff filed a bill of exceptions, setting forth such warrant, unaccompanied by any rate-bill; on a writ of error, it was held, that the plaintiff could not avail himself of the want of such rate-bill as a ground of error.

THIS was an action of trover for a steer, brought by *Allen* against *Picket,* and tried in the county court, on the general issue.

On the 29th of *November,* 1830, the defendant took the steer mentioned in the declaration, which, at that time, was of the value of 28 dollars, and having sold it, paid over to the plaintiff, of the avails thereof, the sum of 19 dollars, 50 cents, which the plaintiff accepted, and appropriated the remainder to the payment of a certain highway tax against the plaintiff, and the costs of collection. The defendant had been duly appointed a surveyor of highways in district No. 2. in the town of *Sherman,* and collector of highway taxes in that town for said district, at an annual town meeting, legally warned and held, on the 5th of *October,* 1829, and had been duly qualified. The plaintiff, at the time of laying the tax, was, and ever since has been, an inhabitant of said town. In proof of his right to take and sell the steer, the defendant exhibited in evidence the following warrant, together with his return thereon: " To *William Picket,* collector of a highway tax, district No. 2. By authority of the state of *Connecticut,* you are hereby commanded to levy and collect of the persons named in your annexed list committed to you, each one his several proportion as there set down of the sum total of such list, being a tax or assessment of three cents on the dollar, on list 1829, granted by the inhabitants of the town of *Sherman,* at a legal meeting, held on the 5th day of *October,* 1829, for the purpose of repairing the highways in said town. You are hereby directed to collect the sums annexed to each person, and lay out the same on the public highways within your district; and if any person or persons shall neglect or refuse to make payment of the sum or sums whereat he or they are assessed, and set in the

*Fairfield,*
*June, 1834.*

Picket
*v.*
Allen.

said list, to distrain the goods and chattels of such person or persons, and the same dispose of, as the law directs, returning the overplus, if any be, to the owner or owners.  And for want of such goods and chattels whereon to make distress, you are to take the body or bodies, &c.  And you are hereby directed to settle with the select-men, by the 20th of *September* next. Dated at *Sherman, March* 18th, 1830.

*James A. Giddins,* Justice of Peace."

"*Fairfield* county, *ss. Sherman, Nov.* 29th, 1830.  I then, with this warrant, at said *Sherman,* made demand of *Samuel Allen,* having at divers times previous made demand of the same, *viz.* on the second *Monday* of *November,* he being one of the persons named in the annexed list committed to me, for money, goods or chattels to satisfy the tax assessed in said list against him, and he paid me 7 dollars, 72 cents, and he refused to pay the remainder of said tax, being 5 dollars, 21 cents, or turn out property whereon to levy ; and there, on the same day, by virtue of the within warrant, I levied the same on one pied steer, the property of the said *Samuel Allen,* and took the same into my possession ; and thereupon I drew an account of said property, and posted the same on the sign-post in said town of *Sherman,* within which town said property was taken ; and with the same I set up a notice on said sign-post, that said property would be sold at said post, at the end of twenty days from the 29th day of *November,* at public vendue, specifying the day when the sale would take place ; and the said *Samuel Allen* having failed to pay said tax, and charges on the day specified in said notice, after causing a drum to be beat at said post, I sold said steer at said post, at public vendue, to *Horace Hungerford,* for the sum of 26 dollars, 50 cents, he being the highest bidder therefor ; and the balance due on said tax, amounting to 5 dollars, 21 cents, and my lawful fees on the same, being 1 dollar, 79 cents, making 7 dollars in the whole, I therefore and thereupon applied the sum of 7 dollars in payment and full satisfaction of said tax and charges on the same; and the overplus, being 19 dollars, 50 cents, I paid to the said *Samuel Allen.*   Fees on warrant [items specified] $1 79.

*William Picket,* Collector."

The plaintiff, to shew, that at the time of taking and selling said steer, as stated in the return, the defendant had ceased to be a collector of the tax, offered to prove, by copies of the town

records, and by the deposition of *Elihu Stewart,* that on the 4th of *October,* 1830, at a town meeting legally held in *Sherman,* he (said *Stewart*) was appointed surveyor of said district and collector of highway taxes therein ; and that he was, on the same day, duly sworn as such surveyor and collector, and assumed upon himself the duties thereof. To the admission of this evidence the defendant objected, on the ground that it was irrelevant to the issue. The court sustained the objection, and rejected the evidence.

In the course of the trial, the plaintiff insisted and prayed the court to instruct the jury, that the warrant was void ; first, because the defendant was not described therein as collector of highway taxes in district No. 2. in the town of *Sherman ;* secondly, because, as the warrant, on the face of it, directed the collector to settle with the select-men by the 20th of *September* next after its date, his powers under the warrant expired on that day, and he could not lawfully execute it afterwards. The plaintiff also prayed the court to instruct the jury, that the defendant's return was inadmissible in evidence, on the ground that upon a fair construction of the language used by the defendant therein, it appeared, that the sale was made on *Sunday.* The court instructed the jury, that the defendant and the district in which the tax was laid, were described in the warrant with sufficient certainty ; that the defendant could lawfully execute the warrant after the 20th of *September,* 1830 ; and that the defendant's return did not, upon the face of it, warrant the construction, that the sale was made on *Sunday.*

The jury returned a verdict for the defendant. The plaintiff thereupon filed his bill of exceptions, embracing the matters above stated, and brought a writ of error in the superior court, assigning the following grounds of error : first, that the evidence offered by the plaintiff and rejected by the court, should have been received ; secondly, that the court should have instructed the jury, that after the 20th of *September,* 1830, the power of the defendant to execute the warrant had expired ; thirdly, that the court should have instructed the jury, that the defendant could never have lawfully executed the warrant, as it did not command him to execute it on the plaintiff, or to collect said tax of the plaintiff, nor was the name of the plaintiff mentioned therein, nor was there any rate-bill,

*Fairfield,*
June, 1834.

Picket
*v.*
Allen.

*Fairfield,*
*June, 1834.*

Picket
*v.*
Allen.

document or writing thereto annexed, containing the name of the plaintiff; fourthly, that the court should have instructed the jury, that the day of sale, according to the defendant's return, was *Sunday,* when such sale was unlawful ; fifthly, that the court should have instructed the jury, that the warrant was void, because the defendant was not styled and described therein as collector of highway taxes in district No. 2. in the town of *Sherman,* and because said district was not duly described. The superior court reversed the judgment of the county court ; and thereupon the defendant, by motion in error, brought the case before this court for revision.

*Betts* and *Booth,* for the plaintiff in error, contended, 1. That the warrant would not be held void, because no rate-bill was attached to it.    In the first place, the statute does not require this to be done.    It requires the select-men to make out a rate-bill, under their hands, *for the collector—i. e.* for his use ; but it does not require such rate-bill to be *attached* to the warrant.    *Stat.* 454. *tit.* 100. *c.* 2. *s.* 14.    Secondly, it appears from the face of the warrant, that there was a rate-bill, and that it was annexed to the warrant.    The collector is commanded to collect the tax "of the persons named in your *annexed list committed to you.*"    Thirdly, the bill of exceptions does not say, that the rate-bill was not annexed ; nor does it shew, that the warrant was objected to, on that account.    The *fact* on which the point is supposed to rest, does not appear on the record, but the contrary ; and if it did so appear, the point was not raised at the trial, and the court were not called upon to decide it, and did not decide it.    *Kirby* 168.  1 *Phill. Ev.* 233. n. 5 *Johns. Rep.* 467.    *Law* v. *Merrills,* 6 *Wend.* 274. In perfect consistency with the record, a rate-bill may have been exhibited on the trial, and admitted without objection.

2. That the direction of the warrant and the description of the highway district, were sufficient.    The warrant is directed to the collector, by name ; and he is described as " collector of a highway tax in district No. 2.;" and the tax which he is commanded to collect, is one "granted by the inhabitants of the town of *Sherman,*" "for the purpose of repairing the highways in said town ;" and he is further directed to lay out the sums collected " on the public highways within his district." Consequently, it appears from the face of the warrant, that

district No. 2. is in the town of *Sherman.* But if it did not so appear, this omission would not, of itself, render the warrant void. The fact might be proved by other evidence; and *non constat* that it was not so proved.

3. That the power of the collector under the warrant, did not expire on the 20th of *September.* Neither the law nor the warrant made any such limitation. The statute provides for the appointment of a collector and clothes him with the necessary powers; and there is no limitation of his powers until the tax is collected; but, on the contrary, collectors of taxes are expressly authorized to collect such taxes "at any time after the expiration of the year for which they are appointed." *Stat.* 455. *tit.* 100. *c.* 2. *s.* 18. The clause in the warrant requiring the collector to settle with the select-men, by the 20th of *September,* is not a limitation of authority, but is *directory* merely. The *People* v. *Allen,* 6 *Wend.* 486. It is a matter exclusively between the select-men and the collector.

4. That the levy was not void because the day of sale was *Sunday.* The sale, according to the return, was "at the end of 20 days from the 29th of *November,* 1830." By the calendar, it appears that the 29th of *November,* 1830, was *Monday.* Now, if that day be *included* as one of the 20 days, the time would expire on *Saturday,* the 18th of *December.* And the rule is, (except as to bills of exchange, &c.) that where time is to be computed *from an act done,* the day on which that act was done, is to be included. *Avery* v. *Stewart,* 2 *Conn. Rep.* 77. per *Hosmer,* J. *Glassington* & al. v. *Rawlins* & al. 3 *East* 407. But if the day of the levy is to be excluded, still it does not appear that the sale was on *Sunday.* The return is to be construed according to its legal effect; and as by law the sale could not be made on *Sunday,* the next day will be considered as the expiration of the 20 days. 1 *Sell. Pract.* 297. 336. *Solomons* v. *Freeman,* 4 *Term Rep.* 557. *Lee* v. *Carlton,* 3 *Term Rep.* 642.

*Sherman* and *Dutton,* for the defendant in error, contended, 1. That he was at liberty to take advantage of any defect contained in the warrant and return. On the trial, he claimed, that the warrant was void. By claiming it void for certain reasons, he did not admit its validity in every other respect. The decision of the court, on the trial, was not, that the rea-

sons offered were insufficient, but that the warrant was **admissible**, and that it justified the officer.   Of this the plaintiff below complained.

2. That the warrant is void : first, because it does not shew, that *Picket* had any authority ; he not being described as collector of highway taxes of the town of *Sherman.*   This defect cannot be supplied by intendment, from the services he was to perform.   In such cases, warrants are construed *strictly* against officers.   *Rankerdorf* v. *Taylor's* lessee, 4 *Pet.* 349.   *The Thames Manufacturing Company* v. *Lathrop* & al. 7 *Conn. Rep.* 550.   Secondly, the want of a rate-bill annexed to the warrant, is a fatal defect.   *Stat.* 454. *tit.* 100. *c.* 2. *s.* 14.   Thirdly, the document in question does not appear to have any relation to *Allen,* the plaintiff below.   He is not named in it.   Fourthly, it appears, from its terms, to be only *part* of a document.   Such part is never admissible *per se.*   This does not shew how much the collector was to collect.

3. That the return of the officer is bad.   It is either too general in not specifying on what day the sale was made ; or such day was *Sunday.*   An inspection of the return does not, as it ought to do, shew, that the sale was legal.

4. That the collector's power had expired before the levy. First, the year had expired ; and another collector had been chosen and sworn in his place.   Secondly, the levy was subsequent to the *return-day* specified in the warrant.   Thirdly, the 18th section of the act providing for the collection of taxes, (*Stat.* 455.) which has been cited in support of the collector's power after the expiration of the year, not only fails in its application to that purpose, but by direct and fair inference, leads to a contrary conclusion ; for that section relates exclusively to the powers of collectors in other towns than their own ; and as no such power is given to collectors within their own towns, it would seem to follow, that the legislature did not intend that they should have it.

BISSELL, J.   Upon the trial of this cause, in the court below, a number of questions were made and decided, which are brought up, on this motion, and are now presented for our consideration.

It has been contended, that admitting the warrant before

us to be legal, yet the officer, the plaintiff in error, had no right to do the acts which he has done, under it.

It is said, that his powers were at an end, and he had ceased to be a collector, before the levy in question was made. The warrant contains a direction to the collector to settle with the select-men, by the 20th of *September :* and hence, it has been inferred, that he could do no act under the warrant after that day. This objection has not been much insisted on ; and upon no principle, can it be sustained. This clause in the warrant is merely directory ; and if not complied with, the officer may, perhaps, be responsible ; but it would be a strange consequence, that he therefore ceases to be a collector. Suppose he settles with the select-men, by paying the arrearages due on his rate-bill, from his own pocket ; may he not afterwards collect those arrearages ? To deny the collector this power, would be no less novel than unreasonable.

Again ; it has been objected, that before the levy of the warrant, the year for which the collector was appointed, had expired ; and that another collector had been appointed and sworn.

It is not averred, nor does the objection proceed upon the ground, that another collector *of this tax* had been appointed ; but that another tax had been laid, and a collector of *that* tax appointed.

It is very difficult to see how the powers, conferred upon the plaintiff in error, by the warrant before us, are limited, or in any manner affected, by these facts. He is directed to collect the tax, on the list of 1829. His powers, under the warrant, are without restriction ; and there is no limitation in point of time. It is well settled, that an annual officer, there being no restrictive provision in his appointment, holds his office, until he is superseded, by the appointment of another *in his place.* *McCall* v. *The Byram Manufacturing Company,* 6 *Conn. Rep.* 428. *Spencer* v. *Champion,* 9 *Conn. Rep.* 536.

The plaintiff in error, therefore, was not *functus officio,* by the appointment of *Stewart,* unless *Stewart* was appointed *in his place ;* that is, to collect that portion of the tax of 1829, which remained uncollected, at the expiration of the year. And this has not been pretended. But the statute has been resorted to, for the purpose of supporting this objection ;—with what propriety, it is not difficult to determine.

The 18th section, the one relied upon, is in these words :

" All constables, chosen to collect the state tax, and all other collectors of taxes, shall have the same power in any other town, as in their own, to collect the taxes of any person or persons, against whom they have taxes in their rate-bills or lists ; and may, at any time, collect such taxes, after the expiration of the year, for which they are appointed." *Stat.* 455. *tit.* 100. *c.* 2.

It has been urged, that the words *" such taxes,"* refer, exclusively, to those of persons in *other towns ;* and that as power is given to the collector, to collect these, *after the expiration of the year*, it necessarily follows, that this power is denied in regard to the taxes of persons living in his own town.

I do not think, that any rule of construction requires us to confine the words *" such taxes"* to those of non-residents merely : and I am satisfied, that by so confining them, we should do manifest violence to the intention of the legislature. The statute does not profess to give to the collector other, or greater powers, in collecting the taxes of non-residents, than in the collection of those against the inhabitants of his own town. It gives the *same power.* We are called upon so to construe the statute, as to give to the collector *greater powers,* over the former class of taxes, than over the latter. I see no reason for doing this. I see no reason why he should have the power, after the expiration of the year, to collect a part of the arrearages, due on his rate-bill, and yet have no power to collect the other part. And besides, it is believed, that a long-continued, uniform and practical construction has been given to this section of the statute. By referring to the edition of 1808, it will be perceived, that a section containing provisions similar to the one now under consideration, and adopting nearly the same phraseology, has been in existence ever since the year 1707. And I believe, it has never yet been doubted, that collectors had the power to collect, and that they have uniformly collected, the taxes remaining unpaid, on their rate-bills, after the expiration of the year. This practice, so reasonable in itself, and so long continued and acquiesced in, I do not feel at liberty to disturb, by any forced, or doubtful construction of the statute.

It is said, that the return of the collector is insufficient, or if not insufficient, that it shows, that what he did, under the warrant, was illegal.

The return, it is said, is insufficient, as it does not appear,

*Fairfield,*
June, 1834.

Picket
*v.*
Allen.

that he stated, in his notice, on what day of the week the property would be sold ; nor does the return show, on what day the property was actually sold.

It is not usual, nor in my opinion, is it necessary, that the officer should specify, in his return, the day of the week on which the sale took place. But admitting it to be so, still another, and a satisfactory answer may be given to this branch of the objection ; and that is, that it was not taken in the court below. It was, indeed, objected, and has been strongly insisted upon here, that if the day, on which the property was taken, be excluded, and twenty days be reckoned from that day, as according to all analogy, and the uniform practice, should be done, a reference to the almanac will shew, that the twenty days ended on *Sunday ;* and that for aught that appears on the return, the officer sold on that day.

I do not think it necessary to decide, whether the day, on which the property was taken, ought to be included in the computation of the twenty days. If it be so, the day of sale was on *Saturday.* If it be excluded, the *legal* termination of the twenty days was on *Monday ;* and that was the day of sale. And the presumption is, that the officer knew the law, and did his duty in conformity to it. It is not alleged, that the sale took place on *Sunday,* but that this is to be inferred from the return. No such inference can legally arise ; and this objection ought not to prevail.

It is objected, that the warrant is, on the face of it, void, and affords no justification of the acts done under it.

This has been urged on two grounds. First, that the warrant is not properly addressed ; as it does not appear, that the highway district described as No. 2. *is in the town of Sherman.*

It does appear, on the face of the warrant, that the tax in question was laid, by the inhabitants of the town of *Sherman.* The warrant is there dated ; and is directed to the plaintiff in error, as collector of the highway tax, in district No. 2. Is it made to appear, by fair intendment, that district No. 2. is in the town of *Sherman ?* Upon this point I entertain no doubt ; and it was virtually decided, at this term, in the case of *Adam* v. The town of *Litchfield,* 10 *Conn. Rep.* 127. The statute gives the power to divide towns into highway districts ; and the inhabitants of the town are bound to take notice of such

subdivisions.    When, then, we find a tax laid, by the inhabit-
ants of a town, a warrant there dated, and directed to the col-
lector of a district designated by name, may we not fairly in-
tend the district to be *in the town ?*    And would not any other
supposition do violence to all common sense ?

A second ground, upon which the warrant is claimed to be
void, is, that no rate-bill was annexed.    Upon this point, the
judgment of the county court was reversed ; and I am satisfied,
that the objection would have been fatal, had it been taken in
that court.    The direction in the warrant, is, to collect of the
persons named *in the annexed list.*    No person is named in
the warrant itself ; and from that alone, it does not appear,
that there was any tax against the defendant in error.    Unac-
companied by the rate-bill, then, the warrant was a dead letter ;
and had it been objected to, could not have been received in
evidence in the court below.

But that course was not taken.    The warrant was admitted
without objection ; and the court was requested to charge the
jury, that it was void, on other grounds ; but this was not
taken.    Upon this point the court was not required to express,
nor did it express, any opinion.    It was not, therefore, a point
in judgment.

The only remaining question, is, whether the point may be
raised here ; or rather, whether it ought to have been taken in
the superior court, upon this bill of exceptions.

And here it may be remarked, that it is not the office of a
bill of exceptions to bring up the entire case, and to draw the
whole matter into examination again ; but to present for revis-
ion some point of law, in which either party has been over-
ruled by the court.    The exception must have been insisted on ;
and no notice can be taken of matters not appearing on the
face of the bill of exceptions.    *Watson* v. *Watson* & al. 10
*Conn. Rep.* 75.    *McDonald* & al. v. *Fisher* & al. *Kir.* 339.
*Wadsworth* v. *Sanford, Kir.* 456.    *Graham* v. *Cammann,*
2 *Caines* 168.    *Van Gorden* v. *Jackson,* 5 *Johns. Rep.* 467.
*Frier* & al. v. *Jackson* d. *Van Allen,* 8 *Johns. Rep.* 507.
*Law* v. *Merrills,* 6 *Wend.* 268. 274.    And the rule is founded
in the highest reason ; for the objection, if it had been taken
in the court below, might have been met and obviated.    The
point now in question, was not only not made in the court be-

*Fairfield,*
June, 1834.

Picket
*v.*
Allen.

low, but is not presented by the bill of exceptions.    How, then, can it, here, be drawn into discussion ?

It is, indeed, difficult for me to discover upon what principle, the judgment of the county court can be reversed, when, in my opinion, every point presented for adjudication, and every point ruled by that court, was rightly decided.

I am, therefore, of opinion, that the judgment of the county court should have been affirmed ; and that in the judgment of reversal, there is manifest error.

The other Judges were of the same opinion, except PETERS, J., who was not present.

Judgment reversed.