*Middlesex*,
July, 1840.

Whittelsey
*v.*
Clinton.

Whittelsey *against* The town of Clinton.

Under the 1st section of the statute for the assessment of taxes, the board of re-lief have no authority to make a *three-fold* addition to any person's list ; and the authority given by the 7th section is applicable only to cases where the assessors shall have omitted to assess and set in the list the taxable estate of any person, by the 1st day of *December*, and such estate shall have been afterwards discovered ; and then it is the duty of the board to give reasona-ble notice and opportunity to such person to shew that the omission was made by mistake.

Where the notice given by the board of relief to a taxable inhabitant, was, that he should appear and shew cause why additions should not be made to his list of money at interest, bank stock and fire insurance stock ; it was held, that this notice was not sufficient to authorize a *three-fold* addition to his list.

Every article specified in an assessment list, must, on the face of the list, appear to be taxable.

Therefore, where the assessment list on which a tax was laid and collected of *F. W.* was in part made up of an item, inserted by the board of relief, in these words : " *F. W.* add *stock* and money at interest, 15,810, at three-fold, 47,430 ;" it was held, that as it did not appear from the list *what kind* of stock this was, nor that it was taxable, the tax laid on such list was illegal.

This was an action of *assumpsit* for money had and receiv-ed. The defendants pleaded the general issue, which was closed to the court.

The cause was tried at *Middletown*, *February* term, 1840, before *Sherman*, J., who found the following facts.

The plaintiff is an inhabitant of the town of *Clinton*, and liable to taxation therein. In the month of *October*, 1837, on or before the 20th, he presented to the assessors of that town, (*a*) a list purporting to be a list of all his property which was liable to taxation, but did not include therein any money at in-terest. The assessors, within the time prescribed by law, and without the consent or knowledge of the plaintiff, added to his list the sum of 600 dollars, money at interest. They after-wards gave him notice thereof in writing, of which the follow-ing is a copy : " *Clinton, Dec.* 12th, 1837. *F. Whittelsey,* Esq. Sir, you are hereby notified, that the assessors have added to your list the sum of $600. Yours, &c. *Chas. Ste-vens,* Assessor." On the 21st of *December*, 1837, the follow-

(*a*) This was in fact the town of *Killingworth*, from which *Clinton* was formed in *May*, 1838 ; but *Clinton* is here substituted to simplify the case. The variation does not affect any point decided.

ing citation or notice from the members of the board of relief, was served on the plaintiff: "Notice is hereby given unto *Friend Whittelsey* to appear before the board of relief of the town of *Clinton,* if you see cause, at the dwelling-house of *Josiah C. Chittenden,* in said town, on *Monday,* the 25th day of *December* inst., at 10 o'clock in the forenoon, to shew reason, if any you have, why your list should not be added thereto; by adding to it your money at interest, and bank stock, and stock of the fire insurance company. *Killingworth, Dec.* 20th, 1837. [Signed.] *David Wright, David S. Kelsey, Philander Stevens,* board of relief." On the 30th of *December,* 1837, this board of relief held a meeting, at which they made additions to the lists of sundry persons, and among them to the list of the plaintiff, in these words : "*Friend Whittelsey,* add stock and money at interest, 15,810, at three-fold, 47,430." On the 1st *Monday* in *January,* 1838, *David Wright,* one of the board of relief, without the direction or knowledge of the other members, directed the town-clerk to alter said additions, so as to present them in this form : "*Friend Whittelsey,* add stock 3,600, and money at interest 12,210, total 15,810, at three-fold, 47,430." In *June,* 1838, a rate-bill was made out and signed by the select-men of *Clinton,* to which a warrant was annexed, signed by a justice of the peace ; which rate-bill included a tax upon the plaintiff of five cents on the dollar, previously granted by the town, on the list of 1837. By virtue of this rate-bill and warrant, the proper officer collected of the plaintiff, by distress and sale of his goods, the tax set against his name, amounting to 149 dollars, 85 cents, which was paid over to the treasurer of the town. No question was made as to the legal correctness of the officer's proceedings in collecting the tax ; nor was any question made whether the plaintiff did, or did not, possess the property added to his list.

Upon these facts the plaintiff claimed to recover of the defendants said sum of 149 dollars, 85 cents, with interest from the time it was received by the collector.

The case was reserved, with the consent of the parties, for the advice of this court as to what judgment ought to be rendered.

*Barnes* and *Ingham,* for the plaintiff, contended, (besides

*Middlesex,*
*July, 1840.*

*Whittelsey*
*v.*
*Clinton.*

some points not noticed here, because they were not decided, 1. That the notice given by the assessors to the plaintiff, that they had added 600 dollars to his list, was a nullity ; because it did not specify that the sum added was *money at interest.* Money, as such, is not taxable. *Stat.* 604. *s.* 3. (ed. 1838.) *Adam* v. *Litchfield,* 10 *Conn. Rep.* 127. There must be a strict compliance with the requirements of the law. *The Thames Manufacturing Company* v. *Lathrop* & al. 7 *Conn. Rep.* 550.

2. That the addition made to the plaintiff's list, by the board of relief, was void. First, because it charged the plaintiff as owner of *stock* and money at interest, without specifying the description of stock. All stock is not taxable ; and it does not appear that this was. Secondly, because it charged a gross sum of stock and money at interest, and furnished no means of ascertaining the amount of each. Thirdly, because it charged the plaintiff with three-fold the amount of this gross sum. A board of relief have power to *increase* or *reduce* the list of any person ; but they have no power to assess the owner of taxable property at three-fold its amount, except in cases where " the assessors shall omit to assess and set in the list the taxable estate of any person, by the 1st of *December,* and such estate shall afterwards be discovered." That this was such a case was not claimed by the board, nor intimated in the notice. *Stat.* 596. *s.* 1. compared with *p.* 601. *s.* 7. (ed. 1838.)

3. That the notice given, by the board of relief, to the plaintiff, did not warrant the subsequent proceedings of the board. The plaintiff was required, by that notice, to shew reason why his list should not be increased, by *adding* to it his money at interest, and bank stock and stock of the fire insurance company. The board did not merely add a certain amount of such stock and money at interest, in conformity to the terms of the notice, but assessed a sum equal to *three-fold* the supposed amount. Of their intention to do this, there was no intimation in the notice, nor any call upon the plaintiff to defend against it.

*Hungerford* and *Wightman,* for the defendants, contended, 1. That the addition, by the assessors, to the plaintiff's list, was valid.

2. That the proceedings of the board of relief were conformable to law.

3. That the property added and three-folded, was stated with the requisite certainty in the abstract.

4. That the alteration in the assessment list did not invalidate the proceedings.

CHURCH, J. Several questions have been discussed, in this case, which we do not think it necessary to decide. We believe the plaintiff is entitled to recover, for the following reasons.

1. It appears that the assessors made an addition to the plaintiff's list of 600 dollars of money at interest; but whether the plaintiff appealed from this, and whether the subsequent proceedings of the board of relief were upon the plaintiff's appeal, does not appear. The statute entitled "An act for the assessment of taxes," *sec.* 1. enacts, that "the board of relief may increase or reduce the list of any person; but before they proceed to increase the list of any person, they shall notify him," &c. This section of the law gives no power to the board of relief to add three-fold; and if they proceeded, in this case, under this section of the statute, to add three-fold to the plaintiff's list, they acted without authority. The notice which was given, by the board of relief, to the plaintiff, and the only notice, was that dated *December* 20th, 1837. This notice was for a specific purpose, to wit, that the plaintiff should appear and shew cause why additions should not be made to his list of money at interest, bank stock and fire insurance stock; without any intimation of an intention to add the penalty of three-fold to it.

2. It is the 7th section of the statute only, which gives authority to the *board of relief* to add three-fold to the list of any person; and then only in one specified case, "where the assessors shall omit to assess and set in the list the taxable estate of any person, by the first day of *December*, and such estate shall afterwards be discovered." &c. In all other cases, where the power of adding three-fold is given, it is given only to the assessors.

In the present case, the assessors had not omitted to set in the list the plaintiff's money at interest, but had added 600 dollars to his list. Upon no principle, then, could the board

of relief, under the 7th section of the statute, add three-fold to this money at interest. And it is not intimated, that the money at interest or bank stock, which was added, by the board of relief, and to which they annexed the penalty of three-fold, was discovered subsequently to the first of *December ;* or that any fact existed, which, under this section of the statute, authorized the board of relief to add three-fold to the plaintiff's list. And if such facts did exist, as the plaintiff had right to appear and shew that his money at interest and bank stock were omitted by mistake, it was clearly the duty of the board of relief, to have given to him reasonable notice and opportunity to do this.

3. The board of relief added to the plaintiff's list 3,600 dollars *of stock.* What stock ? the plaintiff has a right to inquire. All stocks are not taxable. Some are not enumerated in the general enumeration of taxable estate; and some are expressly exempted from taxation. We held, in the case of *Adam* v. *Litchfield,* 10 *Conn. Rep.* 127. that every article specified in an assessment list must, on the face of the list, appear to be taxable ; and while we recognize the authority of that case, we cannot sanction a proceeding as indefinite as this. Stocks, like other taxable estate, are to be valued, and set in the list only at their value ; and if the owner cannot discover from the list the kind of stock assessed, he cannot know whether he is prejudiced by the proceedings or not.

For these reasons, without searching for others, we shall advise the superior court, that the plaintiff is entitled to recover the amount paid by him to the collector of the town of *Clinton,* with the interest thereon.

In this opinion the other Judges concurred.

Judgment for plaintiff.