LUCIUS M. MONROE *vs.* THE TOWN OF NEW CANAAN.

An item added by assessors to the assessment list of a tax-payer of "20 Bank Stock, $2,000," is not invalid on the ground that the bank stock was not described with sufficient particularity.

It is not necessary that it should appear on the face of an assessment list, in the case of items added by the assessors, that they are not exempt from taxation.

Where assessors have adopted a rule of valuation that conflicts with the statute on the subject, the only remedy of the tax-payer is by an appeal to the board of relief. The courts can not review the matter.

Where it merely appeared that the assessors had applied such an erroneous rule, and did not appear whether an appeal had been taken to the board of relief, it was held that, as it was the duty of that board under the statute to equalize and adjust the valuations without any appeal, it would be presumed that the board had either corrected the error or had upon their own judgment approved the valuation as a correct one.

ASSUMPSIT, to recover money paid as a tax, claimed to have been illegally assessed; brought to the Court of Common Pleas for Fairfield County, and tried to the jury, upon the general issue, before *De Forest, J.* Verdict for the plaintiff, and motion for a new trial by the defendants, for error in the charge of the court, and a like motion by the plaintiff for error in the exclusion of evidence. The case is fully stated in the opinion.

*L. Warner,* for the plaintiff.

*J. H. Olmstead* and *E. L. Schofield,* for the defendants.

LOOMIS, J. The plaintiff among other items seeks to recover from the town of New Canaan the amount of a tax paid by him, under protest, to the collector of taxes in that town, upon twenty shares of bank stock.

It is conceded that the stock was at the time legally subject to taxation against the plaintiff, and that he was liable to pay the same, if the form of assessment was sufficient.

The plaintiff, in his list as presented to the assessors, wholly omitted the item in question; and the assessors afterwards, having received notice from the cashier of the New Canaan

National Bank that twenty shares of its stock were on the 1st of October standing in the name of the plaintiff on the books of the bank, added the same to the plaintiff's list at the appropriate place, in the following form:

"20 Bank Stock, $2,000."

The plaintiff in the court below claimed that this was an illegal assessment, because it did not appear but that it was the stock of some bank not taxable, and the court in effect so charged the jury; and, as supporting this position, the court read from the opinion of the Supreme Court in the case of *Whittlesey* v. *Town of Clinton*, 14 Conn., 72, as follows: "All stocks are not taxable. Some are not enumerated in the general enumeration of taxable estate; and some are expressly exempted from taxation. We held in the case of *Adam* v. *Litchfield*, 10 Conn., 127, that every article specified in an assessment list must, on the face of the list, appear to be taxable; and while we recognize the authority of that case, we cannot sanction a proceeding as indefinite as this. Stocks, like other taxable estate, are to be valued, and set in the list only at their value; and if the owner cannot discover from the list the kind of stock assessed, he cannot know whether he is prejudiced by the proceedings or not."

This language we think is well calculated to mislead. But the cases when carefully examined (though the opinions are based on extremely technical grounds), will be found to fall far short of the conclusion reached by the court in the case at bar.

In *Adam* v. *Litchfield* the doings of the board of relief contained the following entry: "Add to John Adam's list $5,000." At this time money, unless it was put at interest and well secured, was not taxable at all; and DAGGETT, C. J., in giving the opinion, said: "Add $5,000 to John Adam's list may mean any number of articles valued at five thousand dollars, as houses, lands, stock, &c., or it may mean five thousand dollars in cash. Standing alone, it doubtless means that sum in money. No other meaning can be attached to it. But money is not subject to taxation. There could therefore be no assessment of this sum of five thousand dollars. This

idea is much fortified by two other lists appearing on this abstract. By the abstract it will be seen that $5,500 'money at interest' is added to the list of D. P., and $500 'money at interest' to the list of G. W."

In the case of *Whittlesey* v. *Town of Clinton*, the board of relief added $3,600 of "stock;" but there was no indication what stock it was; and in reference to this indefinite term the court made the remarks cited.

It will be seen that in neither of these cases was any property described which belonged to the class of taxable property mentioned in the statute. If in the last-mentioned case the stock had been described as bank stock we cannot believe that the court would have held the assessment void. To require anything more than that the property described should come within the general enumeration of taxable property, would be to apply to the doings of assessors that rule of "certainty to a certain intent in every particular" which the courts, at a time when technicalities ruled with much more rigor than at present, confined strictly to such special pleadings as were odious and treated with no favor, as pleas in estoppel and dilatory pleas. It would be absurd to require that assessment lists should anticipate and exclude by averment all possible contingencies which might make the property described in the list exempt. Such a principle would render it necessary to insert in the tax list a man's age to make a poll-tax valid.

We think, if the property described comes within the general enumeration of taxable property, and the list is sufficiently certain "that tax-payers may know for what and for how much they are to be taxed," it is sufficient.

By the statute under which these proceedings arose (Gen. Statutes, 1866, p. 709, sec. 9), "the shares owned by any person resident in this state of the capital stock of any bank, &c.," are required to be set in the list of such owner, and no exception is there mentioned. It is true there are some banks whose stock is specially exempt by the terms of their charters; but we think the court erred in holding that it must appear on the face of the list that the stock in question was not so exempt.

The liberal principles of construction we apply to the requirements of the statute relative to assessment lists are fully sustained by the recent cases of *Hamersley* v. *Franey*, 39 Conn., 173, and *Goddard* v. *Seymour*, 30 Conn., 374, in both of which the rule of certainty, as given by CHURCH, J., in his dissenting opinion in the case of *Adam* v. *Litchfield*, is cited with approval.

The plaintiff also claimed to recover $104.23, being the amount of a certain tax before that time collected by the town of New Canaan from the plaintiff, and which the plaintiff claimed to recover because the tax was not legally levied; and to prove that the tax was not legally levied, he offered the evidence of one of the assessors who made the assessment list upon which the tax was laid, to prove that in making up the assessment list they adopted a rule for the valuation of taxable property of the town, by which all taxable personal property was assessed at its full actual value, and all real estate was valued at not less than one-fourth, nor more than one-half of its actual value. To this evidence the defendant's counsel objected, and the court sustained the objection and excluded the evidence.

We think that this ruling was correct. It is true the statute (Gen. Statutes, 1866, p. 709, sec. 8) makes it the duty of the assessors to assess both real and personal estate at its present true and just value; yet the statute must be construed as directory and not of the essence of the thing to be done. An erroneous valuation will not impeach the assessment, though it may the assessors. The valuation of the property is within the exclusive province of the assessors in the first instance, and after that it is the duty of the board of relief to review it. The courts have no jurisdiction whatever in the matter of estimating the value of property for purposes of assessment. The finding of the assessors is conclusive as against every tribunal except the board of relief. This is the only appellate tribunal provided to correct such errors in the valuation as the plaintiff offered to prove, and to such board the plaintiff, if aggrieved, should have appealed, and if not aggrieved, he should now, upon every principle, hold his peace.

And besides, if an erroneous valuation could be shown as ground of relief, the proposed evidence did not go far enough to show that the plaintiff was aggrieved.   The assessment lists are not perfected, and do not become the basis of taxation, until the board of relief have reviewed them, or made such changes as they think proper.   *Goddard* v. *Seymour*, 30 Conn., 394.   It is the duty of the board, whether any one appeals or not, to equalize and adjust the valuation and assessment lists of the town.   General Statutes, 1866, p. 714, sec. 33.   The legal presumption is that this duty was performed. There is in the record no evidence whatever to the contrary. The vice, (if any there was,) in the list as it left the hands of the assessors, may therefore, for aught that appears to the contrary, have been purged by the doings of the board of relief; or, if no change was in fact made, the board may have decided, (independently of any vicious rule for undervaluing real estate,) that the value as determined by· the assessors was in fact the true present value.

A new trial is advised upon the defendants' motion, but not upon that of the plaintiff.

In this opinion the other judges concurred.