## DAVID K. LEWIS *vs.* THE TOWN OF EASTFORD.

The board of relief of the town of *E* added to the plaintiff's tax list "$1,264" in a column headed "Additions," but with nothing to indicate the property intended. The plaintiff had however money at interest and a draft due for more than that amount, which he had not put into his list, and had been notified by the board of relief to appear and show reason why their amount should not be added to his list, but had failed to appear. Held that the addition was legally made and sufficient in form.

A statute was passed healing certain defects in assessment lists, and making all taxes *theretofore* as well as thereafter collected under them legal. At the same session a later act was passed healing the same and several other defects in assessment lists and making legal all taxes *thereafter* collected on them. Held that the later act did not by implication repeal the prior one as covering the same subject matter.

The prior act by its terms took effect on its passage. Held that the assessment list in question became thereby at once validated, and could not be invalidated by a later repeal of the act.

ASSUMPSIT to recover a tax claimed to have been illegally assessed; brought by appeal from a justice of the peace to the Superior Court in Windham County. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*J. Halsey* and *J. J. Penrose,* for the plaintiff.

*L. F. S. Foster* and *G. W. Phillips,* for the defendants.

PARK, C. J.   The plaintiff seeks to recover of the defendant town the sum of $49.71 paid by him as a tax to the collector of taxes of the town, which tax he claims to have been illegally assessed, and to have been paid under compulsion.

It appears by the finding that the board of relief of the town added to the plaintiff's list for the year 1872 the sum of $1,264, which addition was made under no particular head, but simply in a column at the top of which stood the word "Additions."   This addition was made on account of a draft owned by the plaintiff on the first day of October, 1872, which was payable at sight, and of a sum of money loaned by the plaintiff to a resident of the town, and then due with interest; the draft and loan exceeding the sum added to the list and not having been in the list in any form before.   The plaintiff was duly notified by the board of relief, before making the addition, to appear before them and show cause why it should not be made; but he neglected to appear.   He now insists that the addition was illegally made, because it did not sufficiently describe the property added; and the case of *Adam* v. *Litchfield*, 10 Conn., 127, is relied upon in support of this claim.

The property was unquestionably taxable.   It therefore made no difference to the plaintiff under what head it was added to his list, so long as he was not misled in the matter. It was not added under an incorrect name, but simply under no particular name.   It was merely a certain amount in dollars added to his list.   He knew by the notice sent him that the board of relief proposed to add to his list the draft and debt before mentioned, and must have known that the addition when made was made on account of these two items of property.   Besides, this court held in the case of *Adam* v. *Litchfield*, relied upon by the plaintiff's counsel, that the addition there made of "5,000 dollars" was to be taken as importing that sum in money, and that as money, merely as such, was not taxable, it did not appear by the list that the property added was taxable property.   Money being now taxable, the principal point decided in that case is not applicable here, while the rule there laid down that the tax list must

show with certainty what the property taxed is, is essentially qualified by the recent case of *Monroe* v. *Town of New Canaan*, 43 Conn., 309, where it was held that an addition to a tax list by the assessors of "20 Bank Stock, $2,000," was legal, although the list did not show that it might not have been bank stock that was exempt from taxation. It is to be noticed too that in *Adam* v. *Litchfield*, CHURCH, J., dissented, and in the cases of *Goddard* v. *Seymour*, 30 Conn., 374, and *Hamersley* v. *Franey*, 39 Conn., 175, the rule as to certainty given by Judge CHURCH in his dissenting opinion is cited with approval. We think the addition to the plaintiff's list in the present case was lawfully made.

It is further claimed that the assessment was illegal because an abstract of the assessment list was not lodged in the town clerk's office within the time prescribed by law. But the act of 1873, approved June 5th of that year, in terms validates such assessments and legalizes all taxes theretofore collected on such lists, as well as all taxes that should thereafter be collected upon them. There would be no question about this, were it not for a later act passed at the same session of the legislature on the same general subject, approved on the 11th day of July, which it is claimed repealed by implication the act approved on the 5th of June, by embracing in its provisions the whole subject matter of the preceding act. But the two acts do not cover the same ground. It is true that the later act deals with the same defect which the prior act was intended to cure, but it also deals with numerous other defects in proceedings with regard to taxes, and what is of more importance, it merely validates such lists and provides that "all taxes which have been or shall hereafter be laid and imposed according to such assessment lists, *may be* levied and collected;" while the prior act not only confirms the assessment lists, but provides "that all taxes imposed *and collected* according to such assessment lists shall be held to have been received according to law, and all taxes hereafter laid and imposed according to such assessment lists, may be levied and collected." The later act therefore is limited to the legalizing of taxes thereafter collected; the prior one legalizes

the actual collection of taxes that had been made before the act was passed. This would be enough to settle the point that the later act does not assume to deal with the same precise matter that was the subject of the prior one and therefore does not repeal it by implication. But the difference in the statutes is of special importance in the present case inasmuch as the tax here in question was in fact collected on the 5th of May, 1873, before the passage of the first of the two acts.

But if the later act be regarded as repealing the earlier one, the repeal could not affect the present case. The first act was by its terms to take effect on its passage. Thus taking effect it at once cured the defect in the assessment list here in question. The defect being cured it could not be affected by a later repeal of the validating act, no matter how formal and complete the repeal might be.

We advise judgment for the defendants.

In this opinion the other judges concurred.