Mr. Justice CURREY expressed no opinion.

---

## THE PEOPLE *v.* SNEATH & ARNOLD.

ASSESSMENT OF PERSONAL PROPERTY.—Personal property may be assessed for taxes in bulk, without any statement of the character of the property.

ASSESSMENT OF INDIVIDUAL PROPERTY TO A FIRM.—An assessment for taxes of the personal property of a former member of a firm made to the firm after its dissolution, is void. Such assessment cannot be legalized by legislative enactment.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The facts are stated in the opinion of the Court.

*Henry H. Hartley*, for Appellant.

The case is susceptible of illustration, thus: A. is assessed for a certain amount of personal property, supposed to be owned by him during a particular year, the assessment having been made on information to the Assessor that A. was the owner; it subsequently appears that before the assessment was made, A. had sold the property to B.; could it be held

that B. was liable for the payment of the taxes? Again, to state another case : Suppose that A. and B. were assessed as a firm for partnership property which they did not possess at the time the assessment was made, and were not even a firm at that time, and A. had individual property, could that be levied on for the tax claimed against the firm which had no legal existence at the time the taxes were levied, and had no firm property?

But it may be urged, the suppositious cases are too broad. In the case at bar, Arnold was a member of the old firm, and possessed property of equal value to the assessment, and therefore was liable. We reply that that makes no difference. The question is, did Sneath & Arnold, as a firm, own property in 1863, and not whether Arnold did. Arnold is liable for his taxes individually, and the record nowhere shows that he has not paid them, the Court only finding that Sneath & Arnold had not paid theirs. And even if he had not, he is still liable under the general law to be re-assessed for them if they were accidentally omitted from the tax roll of that year. (*People* v. *Reynolds, ante,* 108.)

*M. M. Estee,* for Respondent, referred to Laws of 1861, p. 425, Sec. 20 ; and to *People* v. *Paine,* No. 2, 23 Cal. 125 ; and also to Laws of 1863, p, 436, Secs. 63–65.

By the Court, SHAFTER, J.

This is an action to recover a tax on personal property levied by the City of Sacramento on the 23d day of June, 1863. The complaint alleges, amongst other things, that the property assessed was within the city limits at the date of the assessment ; that it belonged to the firm of " Sneath & Arnold," and that it was valued at thirteen thousand two hundred and fifty dollars. The answer avers that the firm of Sneath & Arnold was dissolved on the 1st day of January, 1863, and that since that time it has neither owned nor possessed any personal property in Sacramento. The trial was

by the Court, and judgment was entered on the findings against Arnold alone. The appeal is from the judgment and from an order overruling the motion of Arnold for a new trial.

The Court has found that the firm was dissolved as alleged in the answer, and that at the date of the assessment there was no personal property in the city possessed by or belonging to the defendants jointly. But it is also found that Arnold at the date of the assessment had in his possession and was the owner of personal property of the value named in the assessment.

First. It is insisted that the assessment was illegal and void for the reason that it was on " personal property " in bulk, without any more minute description of the character of the property.

By the eleventh section of the Act incorporating the City of Sacramento, passed April 25th, 1863, (Acts 1863, p. 415,) it is provided that " the manner of making the assessments and roll shall be the same as is described by an Act entitled an Act to provide revenue for the government of this State, approved May 17th, 1861." By the sixth subdivision of the twentieth section of the Act referred to, it is provided that no further description of personal property need be given in the assessment roll than that furnished by a statement of its value, and the name of its owner or owners.

The case of *People* v. *Holladay*, 25 Cal. 300, cited for the respondents, was an action to collect a delinquent tax under the Act of 1861, entitled " An Act to legalize and provide for the collection of delinquent taxes in the counties of this State," and the Act is limited by the first section to taxes assessed for the fiscal years ending March 1st, 1859, 1860 and 1861. (Statutes 1861, p. 471.) The decision in the case of *People* v. *Holladay* is therefore inapplicable to this.

Second. It is further insisted that neither Sneath nor Arnold, nor the firm of Sneath & Arnold, is responsible for the tax, on the ground that everything entering into the description in the assessment is fictitious and unreal.

This objection is well taken. Though the assessment was

copied from the assessment roll of 1862, as required by sections sixty-three and sixty-four of the Act of incorporation, (Acts 1863, p. 436,) still, for all the purposes of the question, the assessment is to be regarded as original. Under the revenue laws of 1861, an assessment of personal property is essential to the validity of a tax upon it, and a description of the property, such as the Act calls for, is essential to the validity of the assessment. By the thirteenth section of the Act, the Assessor is to make diligent search for all property, both real and personal, within his jurisdiction, and is put also upon ascertaining the name or names of its owner or owners; and is furthermore required to determine the cash value of the property; and " to list or assess the same to the person, firm, copartnership, association or company owning or having the possession, charge, or control thereof." Under certain circumstances the property may be listed to " unknown owners." An assessment not made substantially in conformity to these requirements is utterly void, no matter whether the property be real or personal. (Black. on Tax Titles, 173, 174, and cases there cited; *Kelsey* v. *Abbot,* 13 Cal. 617; *Moss* v. *Shear,* 25 Cal. 44.) It must be admitted that the assessment in this case is made in exact conformity to the statute, and therefore it is not a nullity upon its face. The difficulty with the assessment lies in the fact that it is made up entirely of false assumptions. There was no personal property in the City of Sacramento in 1863, falling within the description, as the case finds. There was not only no personal property that year in Sacramento belonging to Sneath & Arnold, but what is more decisive, there was no Sneath & Arnold there to own property of any kind; or if there was, neither of the defendants were members of the concern. It is no answer to say that Arnold owned personal property in 1863 in Sacramento of the value of thirteen thousand two hundred and fifty dollars, unless, indeed, the general doctrine that no person is to be held liable for a tax except upon the production of an assessment against him made in the manner required by law, is to be abandoned as fallacious. The object of the rule as now settled is, to

enable the citizen to ascertain from the list itself, what property, if any, belonging to him has been listed, and to ascertain further, what tax, if any, has been imposed upon any firm or association of which he may chance to be a member, and how much upon himself individually.

But it is urged that the assessment is legalized by the Act of 1864, (Acts 1864, p. 350,) if defective in the first instance. The answer is that the assessment is not defective, but something worse.   The matters which it puts forward as realities, had no existence in fact.   Further, by the Act of 1864 the defective assessments referred to therein are made valid only "against the person and property assessed."   All that follows from that is, that if there was any such firm as "Sneath & Arnold" in Sacramento in 1863 the tax is good as against the firm and as against its members, whoever they may have been, if the firm has been dissolved.   But if there was no firm in 1863 answering the description, it would be beyond the power of the Legislature to alter the fact, even if it had attempted to do so.

The judgment is reversed, and it is ordered that a judgment be entered upon the findings in favor of the defendants.

RHODES, J., concurring specially.

I concur in the judgment.