## C. W. MARTIN AND G. W. SIMONTON v. JOHN QUINN.

PAYMENT OF DEBT BY ONE NOT LEGALLY RESPONSIBLE.—The payment of a debt by a person not legally responsible for it is a satisfaction of the debt, if the money is accepted for that purpose.

ACTION TO RECOVER OVERPAYMENT MADE BY SHERIFF TO JUDGMENT CREDITOR ON SALE OF JUDGMENT DEBTOR'S PROPERTY.—In 1861, Q. recovered a money judgment in Justice's Court against K. and C., from which, in 1862, K. and C. appealed to the County Court, and procured M. and S. as sureties to execute an undertaking in the sum of five hundred dollars, in the usual form on appeal, to stay execution. The undertaking was not executed by K. and C. Thereafter judgment was rendered by the County Court in said action against K. and C. for a sum greater than five hundred dollars. Thereupon, Q. demanded of M. and S. said five hundred dollars expressed in their undertaking, to be applied in satisfaction of the last named judgment, which they paid. Q., however, failed to enter satisfaction of said judgment *pro tanto*, but, on an execution issued thereon, collected, under a Sheriff's sale of K. and C.'s property, the whole amount of his judgment recovered in the County Court. K. and C. then assigned their demand against Q. for the money received by him in excess of the unpaid balance due on his judgment after deducting said five hundred dollars, to M. and S., who brought action therefor, setting up said facts, and recovered judgment. The only defense was by way of demurrer to the complaint, which was overruled. *Held*, that said last named judgment was properly rendered.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

In 1862 the plaintiffs executed to defendant a joint and several bond, in the sum of five hundred dollars, as sureties, to perfect an appeal to the County Court of San Joaquin County, in an action wherein the defendant Quinn was plaintiff and Brennus Kenyon and Simeon Cass were defendants. The bond was not executed by Kenyon and Cass. Defendant Quinn recovered final judgment in that suit July 22d, 1863. On the 22d day of August, 1865, defendant Quinn demanded from the plaintiffs in this suit payment of the sum of five hundred dollars expressed in said bond, and the plaintiffs paid said sum of five hundred dollars to defendant on that day, to be applied toward the satisfaction of said judgment.

The defendant did not apply said money, or any of it, towards the satisfaction of the judgment, but, on the 3d day of May, 1867, by execution issued thereon and sale thereunder of the property of Kenyon and Cass, he enforced the collection of the whole of said judgment, amounting to more than five hundred dollars.

Thereupon, Kenyon and Cass assigned to the plaintiffs all their claim and demand against the defendant for all the money which they were or might be entitled to by reason of said Sheriff's sale. The plaintiffs demanded payment from defendant; payment was refused, and plaintiffs brought this action, and in their complaint set up the foregoing facts.

The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the Court, and the defendant declining to answer, final judgment was rendered in favor of the plaintiffs, from which judgment the defendant appealed.

*George W. Tyler,* for Appellant, argued that under the assignment made by Kenyon and Cass to the respondents, as pleaded, they acquired no right of action for the money demanded in this action; and cited *Elting* v. *Scott,* 2 Johns. 157; *Eddy* v. *Stanton,* 21 Wend. 255. He further argued that respondents were not liable as sureties on their bond;

by reason of the failure of Kenyon and Cass to execute it as principals, (citing 14 Cal. 441,) and that the payment made by them was, therefore, purely voluntary; that the amount so paid cannot be recovered in this action, for want of proper averments and prayer in the plaintiffs' complaint; and cited *Benedict* v. *Bray*, 2 Cal. 251.

*J. H. Budd*, for Respondents, arguing to the contrary, first, to the point that joint and several bonds do not require the signatures of their principals, in order to bind the sureties, cited 14 Cal. 424; *Parker* v. *Bradley*, 2 Hill, 584; *Cutler* v. *Whitman*, 10 Mass. 442; second, that inasmuch as respondents paid the money to appellant, to be applied in satisfaction of this judgment against Kenyon and Cass, and he received it for that purpose, it mattered not whether they were or were not legally liable on said bond, and cited *Hall* v. *Marston*, 17 Mass. 579; Comyn's Dig., Assumpsit, F; third, that this action might be sustained upon the common law count for money had and received, and cited *Floyd* v. *Day*, 3 Mass. 403; *Randall* v. *Rich*, 12 Mass. 494; *Emerson* v. *Baylies*, 19 Pick. 55; *Appleton* v. *Bancroft*, 10 Met. 237; *Mason* v. *Waite*, 17 Mass. 563; *O'Conley* v. *Natelies*, 1 Sm. & Marshall, 31.

By the Court, RHODES, J.:

This is an action, as we construe the complaint, by the assignees of judgment debtors, to recover from the judgment creditor money received by the latter at a Sheriff's sale of the debtor's property, in excess of the amount due upon the judgment. The allegation of the assignment of the demand is sufficient, when taken in connection with the facts out of which the demand arose.

Had this been an action on the bond annexed to the complaint, it might be material to inquire whether it was such a bond as the former statute required on an appeal to the County Court from a judgment of the character mentioned

CAL. REPS. XXXVII—8

in the complaint, and was sufficient to bind the sureties; or whether the sureties were liable when the bond was not executed by the principals; but the case does not require the solution of these questions. Although the plaintiffs might not be liable as sureties, the judgment creditor demanded of them the money due upon the bond, and they paid the same, "to be applied by him in satisfaction of so much of said judgment." The payment was appropriated by them to the satisfaction, in part, of the judgment, and the demand by him of the amount of the bond, which was executed, nominally, to secure the performance and satisfaction of the judgment, clearly shows that the money was received by him in part payment of the judgment, though he may have neglected after that time to place the proper credit upon the judgment or execution. The payment of a debt by a person not legally responsible for it is a satisfaction of the debt, if the money is accepted for that purpose. And so, here, the payment on the one part, and the acceptance on the other, of the sum of five hundred dollars, operated *pro tanto* as a satisfaction of the judgment. The judgment debtors were entitled to a credit for that amount, and the creditor having received that amount in excess of what was due him from the proceeds of the execution sale, became liable to the judgment debtors for such excess. It is upon this demand that the plaintiffs, as assignees, bring suit.

The allegation that the judgment remained unpaid and unsatisfied at the time the payment was made by the sureties upon the bond, is a sufficient allegation that the judgment defendants had not paid the judgment.

The demurrer, in our opinion, was properly overruled.

Judgment affirmed, and remittitur directed to issue forthwith.

Mr. Chief Justice SAWYER expressed no opinion.