WILLIAM J. HAMERSLEY vs. JOHN FRANEY.

A note· given for the purchase of land, secured by mortgage of the land, but
  which did not bear interest, was, on application of the debtor and after due
  notice to the creditor, deducted by the board of relief of the town from the
  list of the debtor, and the amount added to the list of the creditor under the
  head of m·ney at interest.  Held, that the note was taxable under the 8th
  section of the "act relating to the assessment and collection of taxes;" that
  the action of the board of relief was lawful under the provisions of the 33d
  section of that act, and that it made no difference that the addition to the cred-
  itor's list was made under the head of money at interest, or that the board of
  relief in fact acted under another section of the act.·

ASSUMPSIT for money had and received; brought to the
Court of Common Pleas, and reserved for advice upon the
following facts :

On the 5th of July, 1871, the plaintiff paid the defend-
ant $214.04, involuntarily, and to save his property from seiz
ure.   The defendant was then the duly appointed tax collector
for the town and city of Hartford, and the south school dis-
trict of Hartford, and the money so paid was claimed by him
as the amount legally due for taxes upon the sum of $11,200,
set in the list of the plaintiff for the year 1870, in the revised
tax list of Hartford, in the column headed "money at inter-
est."

On the 16th of March, 1870, the plaintiff was owner of a
certain piece of land in said town, city and school district,
and on that day sold and conveyed the land to John W. Gil.
bert, and in payment therefor took his note for $11,200, pay-
able nine months from date.   The note did not in form bear
interest, nor did it appear that it was in fact upon interest.
It was secured by mortgage on the land sold, and has since
been fully paid.   Within the time required by law the plain-
tiff made out a list of his property subject to taxation on the
1st of October, 1870, and made oath to the list in due form
of law, but did not include the note, though he was then the
owner of it.   The assessors of the town accepted the list so
made by the plaintiff.   Gilbert, after the assessors had com-

pleted their assessment lists, and within the time required by law made application to ·the board of relief of Hartford to have the debt of $11,200 deducted from his list, and added to the list of the plaintiff, as money at interest. The. board of relief gave written notice in due form of law, as follows: "WM. JAS. HAMERSLEY,—DEAR SIR:—An offset on you of $11,200, claimed by John W. Gilbert, will be added to your list, unless you appear and show cause to the contrary." The plaintiff received no notice to appear for any other cause. The plaintiff appeared before the board of relief in pursuance of this notice, and objected to said sum being deducted from the list of Gilbert, and added to his own. The board of relief, after hearing the objections of the plaintiff, deducted said sum from Gilbert's list, and added it to the list of the plaintiff, putting the figures $11,200 under the column of "money. at interest."

*H. C. Robinson* and *Hamersley*, for the plaintiff.

*H. S. Barbour* and *Buck*, with whom was *H. H. Barbour*, for the defendant.

PARK, J. The plaintiff's note of $11,200 was clearly taxable by the 8th section of the "act relating to the assessment and collection of taxes," Gen. Stat., page 709. The language of the act is as follows: "Personal property, in this state and elsewhere, not expressly exempted by this act, shall be deemed, for the purposes of taxation, to include all moneys, credits, choses in action, bonds, notes," &c. That this language · is broad enough to include a promissory note, although given on an agreement that the sum stated therein should be without interest for a period of time, cannot admit of a doubt. The statute does not consider whether the credits, choses in action, and notes therein described are the subjects of interest or not; and therefore there can be no foundation for the plaintiff's claim that his note should not be the subject of taxation, because he agreed in the contract for the sale of his land that a part of the consideration which is

specified in the note should remain for a certain time without interest. Neither is there any equity in the claim, even if equitable considerations could be regarded in cases of taxation. The amount of interest that would accrue on his $11,-200, during the nine months that the note had to run, must have been taken into consideration by the parties in fixing the price of the land, and the amount enhanced accordingly. It cannot be expected that the plaintiff forbore interest on so large a sum of money without some adequate consideration growing out of the contract of sale. But however this may be, it is no essential consideration in the case before us.

But the plaintiff claims that the amount of the note was deducted from the debtor's list, and added to the plaintiff's list, by virtue of the 35th section of the act above mentioned, and by that section the deduction and addition could not properly be made, because the amount of the note could not be added to the plaintiff's list as money at interest, the note being without interest.

Without stopping to inquire whether this claim is well founded or not, it is difficult to see how it can avail the plaintiff, if true. We have seen that the plaintiff's note was clearly the subject of taxation, and the 33d section of the act gives ample power to the board of relief to make the addition to the plaintiff's list that was made. His property therefore was lawfully taxed, and what matters it whether the board of relief acted under one section of the statute, where they thought it was their duty to act, in making the addition, so long as what was in fact done by them was proper and lawful under other sections of the act? This action is an equitable one. The plaintiff cannot recover unless he can show that he was unlawfully taxed.

It can make no difference that the board of relief made the addition to the plaintiff's list under the head of money at interest. In *Adams* v. *Litchfield*, 10 Conn., 131, CHURCH, J., says, " assessors and boards of relief are selected for their integrity, and sound judgment in the valuation of property, rather than for any supposed technical accuracy in the forms of business. It is enough that assessment lists are made up

with so much certainty that tax payers may know for what and for how much they are to be taxed, and that the taxes to be levied may be duly apportioned." See also *Goddard* v. *Town of Seymour*, 30 Conn., 394.

We advise judgment for the defendant.

In this opinion the other judges concurred, except CARPEN-TER, J., who was absent.