[In Bank.—January 29, 1884.]

## THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT, *v.* JAMES C. FLOOD, APPELLANT.

TAXATION—ASSESSMENT OF "MINING STOCK"—DESCRIPTION—EQUALIZATION.— The rule as to the degree of certainty required in describing personal property in assessments for taxation is, that the property must be so described that tax payers may know for what they are taxed; and where an assessment is for "mining stock," the description meets the requirements of section 3650, subdivision 4, of the Political Code, and is sufficient for all purposes.

ID.—LIST OF PROPERTY.—When the description of property assessed is taken from a list furnished by the tax payer, or when made by the assessor without the aid of such list, the tax payer cannot be heard to complain of the insufficiency of the description.

ID.—SHARES OF STOCK.—Shares of the capital stock of corporations were taxable under the Constitution of 1849, and the revenue laws in force during the fiscal year 1876–77.

ID.—SHARES IN CORPORATION WITH TANGIBLE PROPERTY IN ANOTHER STATE.— Shares of stock in mining corporations constituted under the laws of California, but whose tangible property is situated in another State, are taxable. Sections 3640 and 3641 of the Political Code do not apply to such corporations.

ID.—PRESUMPTIONS IN FAVOR OF THE ASSESSMENT.—In an action to collect a delinquent tax, it will be presumed that the assessor in making the assessment acted in accordance with the law, and it is incumbent on the defendant to show that his acts were unauthorized.

ID.—DUTY OF TAX PAYER TO FURNISH LIST TO ASSESSOR.—It is the duty of a tax payer to furnish a true and correct list of his taxable property to the assessor, and if he fails to do so, and any loss results to him in consequence of such failure, he is entitled to no protection from the courts.

ID.—PLEADING—ENUMERATION OF PROPERTY—SUFFICIENCY OF COMPLAINT.— Where the complaint in an action to recover delinquent taxes enumerates the property in words identical with those in the assessment book, it is sufficient.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Lloyd & Wood,* and *Wilson & Wilson,* for Appellant.

*Jno. P. Bell, Louis H. Sharp,* and *Oliver P. Evans,* for Respondent.

THORNTON, J.—This action was brought to recover of the defendant, as the surviving partner of Flood & O'Brien, certain State and city and county taxes on personal property, claimed to be delinquent and unpaid for the fiscal year 1876–77. There was judgment for plaintiff, and motion for new trial by defendant, which motion was denied, and the appeal is prosecuted by defendant from the judgment and order denying the motion just mentioned.

The assessment was for "mining stock," and its value is inserted in the assessment roll or assessment book (such is the term used in the statute, Pol. Code, § 3650), as being six hundred thousand dollars.

It is argued that the term "mining stock" does not furnish such a description of the property claimed to be assessed as satisfies the requirements of the revenue law.

The statute in relation to the mode of entering personal property on the assessment roll or assessment book is as follows: "All personal property showing the number, kind, amount, and quality, but a failure to enumerate in detail such personal property does not invalidate the assessment." (Pol. Code, § 3650, sub. 4.) As we interpret this section, the latter clause allows a description as general as "mining stock." The words used in the statute were intended to authorize the assessor to do just what was done here.

The assessment here is sustained by the rules laid down in *People* v. *Holladay,* 25 Cal. 300; *People* v. *McCreery,* 34 Cal. 434; *Falkner* v. *Hunt,* 16 Cal. 167; and *People* v. *Sneath,* 28 Cal. 612.) In *People* v. *Holladay* it was held that an assessment of personal property, stating its kind, was sufficient. In

*People* v. *McCreery*, "money loaned" is held to be sufficient. In *Falkner* v. *Hunt* it was said that an assessment stating the different kinds of personal property would be a compliance with the statute. In *People* v. *Sneath* "personal property" held a sufficient description. The rulings in the cases just cited were made under statutes not more liberal in their provisions than the statute under which the assessment in this case was made. If the descriptions in the assessments in the cases cited are sufficient, we see no reason why the assessment under consideration is not. The rule as to the degree of certainty required in describing personalty in assessments for taxation is this, that the property shall be so described that tax payers may know for what they are to be taxed. (*People* v. *Home Ins. Co.* 29 Cal. 549; *Goddard* v. *Town of Seymour*, 30 Conn. 394; *Hamersley* v. *Franey*, 39 Conn. 176; *Monroe* v. *Town of New Canaan*, 43 Conn. 312.) In the case last cited the property was described "20 bank stock, $2,000"; held sufficient as a description of twenty shares of bank stock under a statute requiring that "shares owned by any person resident in this State, of the capital stock of any bank," etc., be set in the list of such owner. If the description of the property assessed in the assessment is certain enough to inform the tax payer for what he is to be taxed, it is sufficiently certain. Mining stocks could scarcely be misunderstood by any man of ordinary intelligence in this State, or, indeed, in the commercial world among all English speaking peoples.

It may be observed, here, that the description in question was made either from a list furnished by defendant, or some one on his behalf and by his authority, or no list having been so furnished, it was of necessity made by the assessor.

If the description was taken from a list furnished by the defendant, or some one on his behalf and by his authority, he ought not to be heard to complain of the insufficiency of the description. If made by the assessor without the aid of such list, the assessor has given a description as certain as could reasonably be required of him, and under such circumstances the defendant's objection to the assessment should not be regarded. We regard the assessment as complying with the statute, and sufficient.

But it is said that shares in the capital stock of corporations were not taxable property under the Constitution of 1849, and the revenue laws then in force.

It is not denied that shares in the capital stock of corporations were what is usually styled property when the assessment in this case was made, and if it was denied, we should nevertheless hold them property. The reasons for such holding are too manifest to require enumeration; and by the thirteenth section of the eleventh article of the Constitution of 1849, it was declared that all property in this State should be taxed in proportion to its value, etc. It has been considered as the proper interpretation of the Constitution referred to ever since the elaborate judgment in the case of the *People* v. *McCreery*, 34 Cal. 433, that] all private property was taxable in this State, and that the legislature had no power to exempt any of it from taxation. This ruling was approved in *People* v. *Gerke*, 35 Cal. 678, and in the *People* v. *Black Diamond C. M. Co.* 37 Cal. 55. The word "property" is used in no peculiar sense in the section of the Constitution referred to, but in its popular and ordinary one. (*People* v. *Eddy*, 43 Cal. 336.) There is nothing in *People* v. *Hibernia Bank*, 51 Cal. 243, in conflict with what is here said. Shares in corporations can be easily valued. So much for the Constitution. As to the sections 3640 and 3641 of the Political Code, relied on to show that the shares above mentioned are not taxable, in our opinion section 3640 *by its express terms* only exempts the shares from assessment, where the entire capital or property of the corporation, in which the shares are owned, is assessed, and it does not appear that the corporation or corporations, in which the shares here assessed were owned, were assessed at all during the fiscal year for which the assessment herein was made.

And further, if mining stocks under any circumstances were taxable during the fiscal year above referred to, the assessment must be upheld. We have already held that shares in mining corporations constituted under the laws of California, but whose tangible property was situate in another State, were taxable, and that section 3640 does not and never did apply to such corporations. (*City and County of S. F.* v. *Fry*, 63 Cal. 470.) It may be added that the same is true of section 3641.

To sustain the assessment we must presume that the assessor in making the assessment acted in accordance with law, and, therefore, we are authorized to presume that the circumstances existed which authorized the assessment involved in this case, viz.: that the entire capital stock or property of the corporation was not assessed, or that the property of the corporation was situate in another State. It is incumbent on the defendant to show that the action of the assessor is unauthorized by law. If the property of the corporations was in this State, and was assessed, it was susceptible of ready proof. The law requires such matters to be recorded in assessment books (Pol. Code, §§ 3650–3654), which are accessible to all tax payers, and if any assessments of the property of the corporations referred to had been made, that fact could have been established without difficulty by proof obtained from the assessment books.

It is said the description in the assessment roll must be sufficient for the purpose of equalization, that it is the duty of the board of equalization to sit in judgment upon the valuation of the property which they find in the roll, that it is necessary that the rule should furnish such a description as will enable the board to clearly and satisfactorily determine the question of valuation, and a description which fails to furnish the information necessary for such action on the part of the board is clearly insufficient. To sustain this position *People* v. *Holladay*, 25 Cal. 300, is cited.

The action of the board in dealing with the valuation of the property listed in the roll is based upon evidence which may be adduced before the board. (See §§ 3673–3677, Pol. Code.) As to increase of amount of valuation or reduction, the board can only act on evidence. (See sections above cited and § 3681.) We cannot see how it could act otherwise. We see no difficulty in the defendant's way that could not have been removed by means furnished him by the law in supplying any information in regard to the value of the property assessed, to the board of equalization. If the mining stock was over-valued, it certainly was in the power of the defendant to adduce evidence to make it so appear to the board of equalization that it might discharge intelligently any duty imposed on it by law in regard to such over-valuation. What is said above in regard to description is

alike applicable here.   Whether the description was furnished
by the tax payer, or was made by the assessor, the tax payer
having failed to furnish a list, the complaint of the tax payer
in regard to it should not be regarded.

In our opinion it is the duty of the tax payer to furnish a
true and correct list of his taxables to the assessor, and if he
fails to do so, and any loss should result to him in consequence
of such failure, his complaints on such score should meet with
no favor in a court of justice.

Further, in regard to the character of the description of the
personal property and what information it should give to the
board of equalization to enable it to perform its functions under
the law, it may be said that if the description meets the require-
ments of section 3650, sub. 4, of Political Code above cited, it
must be sufficient for all purposes.   We have already deter-
mined that the description here accords with what is prescribed
in the section referred to, and this disposes of the question.

But it is said that the complaint is insufficient in that it does
not enumerate the property, as required by the statute.   (See
Stats. 1877–78, p. 338.)   The property is enumerated as *mining
stock.*   It is enumerated as it is assessed, *in totidem verbis.*   We
cannot think that the law makers intended to require any other
enumeration.   The form of complaint is prescribed by the
statute.   (See Stats. above cited, p. 339, § 2.)   The following
are the words used in the form prescribed, in relation to the
property assessed:   "Which said taxes were duly assessed and
levied upon personal property, to wit: (enumerating the prop-
erty) for the fiscal year (naming it)."

The perusal of these words would scarcely suggest to a man
of ordinary intelligence, knowing what is meant by the word
"assessment," that the enumeration of the property required
would be other and different from that which appears on the
face of the assessment.   When the statute provides that the per-
sonal · property assessed should be enumerated, the intention is
that it shall be enumerated as the assessing officer has enumer-
ated it in the assessment.   It would be a peculiar mode of
reasoning to hold that a fuller and more definite enumeration is
required of the pleader, when we see in the first section in the
act in which the provision as to enumeration is made, language

validating the assessment of taxes on all personal property for the fiscal year above mentioned, and ·declaring it "valid and binding, both in law and equity, against the persons and property assessed," and further declaring the levies of said taxes by the board of supervisors of the city and county of San Francisco "valid and binding, effectual and legal," and that "no error, informality, or irregularity of whatsoever kind or nature, in the acts or proceedings of the assessor, board of equalization, auditor, or any other officer or officers of said city and county, in assessing, equalizing, levying, or preparing original or duplicate assessment rolls, shall vitiate the assessment or levy of taxes," etc.; "but the same [referring to all the acts of the officers previously mentioned] are for all purposes affecting the assessment, equalization, and levy of ,taxes validated, ratified, legalized, confirmed, and adopted.".

With such provisions as these in the statute, it would be difficult to reach the conclusion that the statement of the property assessed in words identical with those used by the assessing officer, and set down in his assessment book, would not satisfy the enumeration required by the statute.

If a fuller and more definite statement of the property assessed were required, the intention of the legislature would be in ninety cases in a hundred defeated. The intention of the legislature in enacting this statute of 1878, was to enforce the collection of taxes by action. The averments of the complaint prescribed were susceptible of proof by the public records — the assessment books or rolls — and accordingly it was provided in the first section of the act, that the duplicate assessment rolls for the years mentioned therein should be *prima facie* evidence of such assessment. If the pleader is to insert in his complaint a full and definite description of the property assessed, he must also aver that the property thus described is the same as the property mentioned in the assessment. If this is required, he must also prove such averments. He must prove that the particular property alleged to have been assessed, was assessed, and its identity with that in the assessment. How could it reasonably be expected that such a thing could be done? What memory could retain the matters to be proved? It would impose upon the memory of the assessing officers and their assistants a tax to

which the memory of a Macaulay or a Mezzofanti would be unequal. It would follow that the actions could not be successfully prosecuted except in rare instances, and the attempt to enforce the collection of delinquent taxes by suit would fail. Consequently, we say that if any such construction as that contended for, in regard to the statement of the property assessed, in the complaint is sustained, the legislature would defeat its object by making a requisition which would render the prosecution of such suits for the greater part of no avail.

To sustain the contention just above discussed, appellant's counsel cite and rely on *People* v. *Holladay*, 25 Cal. 300. The action in this case was to recover delinquent taxes on personal property and the statute under which it was instituted (see Act of May 17, 1861, Stats. 1861, p. 471), provided that the district attorney (the officer designated to bring the action), should state in the complaint, *inter alia*, " the kind and quantity of the property assessed." This language was plain in its meaning. It left no ground for doubt, no place for construction. The pleader in the case cited merely stated the property assessed, as " personal property," and the court held and correctly held, that the complaint was substantially defective, and the judgment which had been rendered on it by the court below in favor of the plaintiff, ought not to be allowed to stand, and it was reversed. But there is no such requisition in this case, and nothing similar to it. Reading together all the provisions of the Act of 1878, we have no doubt that the pleader has enumerated the property assessed as was required by the statute, and that the complaint is not obnoxious to the criticisms of it preferred by the learned counsel for the appellant.

We think that the validating provisions of the Act of 1878, above referred to, strengthen the conclusions reached herein on all the points discussed; but without these provisions, we think such conclusions are sound and well maintained.

It follows from the foregoing that the rulings of the court below are without error, and the judgment and order appealed from are affirmed.

MORRISON, C. J., MYRICK, J., McKEE, J., and ROSS, J., concurred.

SHARPSTEIN, J., and McKINSTRY, J., dissented.

Petition for rehearing denied.