[No. 12923.   In Bank. — February 22, 1892.]

# CITY AND COUNTY OF SAN FRANCISCO, APPELLANT, *v.* JAMES C. PENNIE, ADMINISTRATOR, ETC., RESPONDENT.

PLEADING — SPECIAL DEMURRER — DEFECTIVE ALLEGATIONS — WAIVER. — While the entire absence of an averment which is essential to a cause of action is at any time available to the defendant, yet the defective allegation of a cause of action is cured by verdict, and it is too late after trial and decision for a defendant to make objections to a complaint that should have been raised by special demurrer.

TAXES — ASSESSMENT OF PERSONAL PROPERTY — DESCRIPTION — ESTATE OF DECEDENT — INVENTORY. — An assessment of taxes against the administrator of an estate of a decedent, upon property described as "personal property, as per inventory on file in the superior court, department No. 9, personal property, one hundred thousand dollars," is a sufficient compliance with the requirements of the statute, as respects the description of the property, to form the basis of the assessment.

ID. — CONSTRUCTION OF CODE — ENUMERATION OF PERSONAL PROPERTY. — The word "enumerate," as used in subdivision 4 of section 3650 of the Political Code, which provides for the assessment of "personal property, showing the number, kind, amount, and quality," but that "a failure to *enumerate* in detail such personal property does not invalidate the assessment," does not mean merely to "number," but imports to "designate," or "specifically mention," and applies to each of the specifications previously named in the clause. The legislature evidently intended that the assessment should not be invalidated if neither the number, kind, or quality of the personal property should be specifically mentioned.

ID. — CERTAINTY OF DESCRIPTION. — If the description of the property assessed is certain enough to inform the tax-payer for what he is assessed, it is sufficiently certain.

ID. — REFERENCE TO PUBLIC DOCUMENTS. — It is not essential that the assessment-book shall in itself contain a complete description of the personal property to be assessed, but it is sufficient to refer to any public record or document in which the details of the description may be found.

ID. — ACTION FOR TAXES — PLEADING — DENIAL OF VALUE — EQUALIZATION — REDUCTION OF TAX. — In an action for taxes against the administrator of a decedent, a denial that he had in his possession on the first Monday in March personal property of a value corresponding to that on

XCIII. CAL.—30

which the assessment was based is merely a denial of the value of the property as fixed by the assessor, which cannot be investigated in the action to recover the tax, but could only be made the subject of an application to the board of equalization for a reduction of the tax.

ID. — REFERENCE OF ASSESSMENT TO INVENTORY — TIME OF FILING ANSWER — DENIAL — IMPLIED ADMISSION. — Where the assessment to an administrator of an estate of a decedent refers to an inventory on file, a denial in the answer, in an action to recover the tax, that the inventory was on file on the first Monday of March, is equivalent to an admission that it was on file at any subsequent day, which would be sufficient to support the reference to it as the assessment which might have been made at any time after the first Monday in March, and before the first Monday of June.

ID. — FINDINGS — DATE OF ASSESSMENT — CONCLUSION OF LAW. — A finding that the tax was assessed as of the date of twelve, M., on the first Monday of March, in the year of the assessment, is not a finding of the date when the assessment was actually made; and if importing that the value placed on the property was that which it then bore, is only a finding of what the law would imply, and not of fact.

ID. — ATTEMPTED ASSESSMENT — DISREGARD OF FINDING. — Where the findings show a sufficient assessment, a statement in the findings that there was an "attempted" assessment for personal property taxes may be disregarded.

ID. — ASSESSMENT AGAINST SPECIAL ADMINISTRATOR — ACTION AGAINST EXECUTOR — LIABILITY OF ESTATE. — Where an assessment of taxes is made against a special administrator of the estate of a decedent, his liability therefor is official, and not personal, and an action may be brought for collection of the tax against an executor who succeeds the special administrator as the custodian of the estate. The cause of action is for taxes due from the estate, and is properly brought against its custodian.

ID. — ASSESSMENT-BOOK — VALIDITY OF ASSESSMENT — PRIMA FACIE EVIDENCE — BURDEN OF PROOF. — When the assessment-book shows an assessment which on its face purports to be sufficient, it is incumbent on the defendant to introduce evidence of any facts that will defeat the regularity or sufficiency of the assessment; and if no such evidence is introduced, judgment should be rendered for the recovery of the tax.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. A. S. Nicholson,* and *W. H. Bodfish,* for Appellant.

*Garber, Boalt & Bishop, Horace G. Platt, Charles S. Wheeler,* and *W. H. Cook,* for Respondent.

HARRISON, J. — Action to recover the amount of certain taxes on personal property of the estate of Cynthia

Hoff Shillaber, deceased, for the fiscal year ending June 30, 1886, originally commenced against Carroll Cook, as executor of the last will and testament of said deceased, and the present defendant, having succeeded Cook in the administration of said estate, continued in his name.

The complaint alleges that the defendant is indebted to the plaintiff in certain amounts, specifying them, for taxes, " which said taxes were duly assessed and levied upon personal property in the possession or under the control of said defendant, as special administrator afore-said, heretofore mentioned herein, to wit, personal property as per inventory on file in superior court, depart-ment No. 9, personal property, one hundred thousand dollars, for the fiscal year ending June 30, 1886, all of which said property was in the possession of or under the control of said Carroll Cook, as such special admin-istrator of said estate, at twelve o'clock, M., on the first Monday in March, 1885."

The complaint was not demurred to, but in his answer the defendant denies any indebtedness for taxes, and denies that any taxes had been at all levied or assessed upon personal property in the possession or under the control of said special administrator for the fiscal year ending June 30, 1886, and alleges affirmatively " that there was an attempt made by plaintiff to assess the per-sonal property belonging to said estate for taxes for the fiscal year ending June 30, 1886, and that said attempted assessment was in the words and figures as follows, to wit: ' Personal property as per inventory on file in superior court, department No. 9, personal property, one hundred thousand dollars,' as set forth in the complaint on file herein "; and denies that there was any inventory on file in said superior court in the matter of said estate on the first Monday in March, 1885.

At the trial, counsel for the plaintiff read from the complaint the foregoing averment of the assessment, which was admitted by the defendant to be a correct copy of the assessment, and it was also admitted by the defendant that the amount claimed to be due was cor-

rect. It was also admitted that on the first Monday of March, 1885, there was no inventory of the estate on file in the superior court. No other evidence was introduced at the trial. The court found in accordance with the foregoing averments and admissions, and made its conclusion of law that from said facts the assessment was invalid, and plaintiff not entitled to recover anything thereon. Judgment accordingly was rendered for the defendant, from which, and from an order denying a new trial, the plaintiff has appealed.

The objection presented by the respondent to the constitutionality of the act of April 23, 1880, does not arise in the case. The sufficiency of the complaint was not objected to by demurrer, and it is too late after trial and decision for a defendant to make objections to a complaint that should have been specially raised by demurrer. While the entire absence of an averment which is essential to a cause of action is at any time available to the defendant, yet the defective allegation of a cause of action is cured by the verdict. Hence it is unnecessary to consider the power of the legislature to prescribe a special form of complaint for this class of actions. Neither does the sufficiency of the proof of authenticity of the assessment arise. The averment of the fact was not only not denied in the answer, but the defendant set out in terms the exact form in which the assessment had been made, and at the trial it was admitted that the averment in the complaint was a correct copy of the assessment. The only question which was contested at the trial, and the only one which it is necessary to consider on this appeal, is, whether the description of the property assessed, viz., " Personal property as per inventory on file in the superior court, department No. 9, personal property, one hundred thousand dollars," is a sufficient compliance with the requirements of the statute to form the basis of an assessment for the taxes sued for.

Section 3650 of the Political Code provides: " The assessor must prepare an assessment-book with appropri-

ate headings, alphabetically arranged, . . . . in which must be listed all property within the county, and in which must be specified, in separate columns, under the appropriate head: . . . . 4. All personal property, showing the number, kind, amount, and quality; but a failure to enumerate in detail such personal property does not invalidate the assessment; . . . . 10. The cash value of all personal property, exclusive of money."

We are asked by the respondent to hold that the word "enumerate," found in the latter clause of subdivision 4, means merely to "number," and to construe that subdivision so that it will read: "All personal property, showing the number, kind, amount, and quality; but a failure to *number* in detail such personal property does not invalidate the assessment." It would be giving too narrow a construction to the word "enumerate" in this section to hold that it means simply "number." The word "number" had been already named as one of the specifications of the property to be shown in the assessment, and if it had been the intention of the legislature that this was the only specification which might be omitted without invalidating the assessment, we think it would have been so stated in explicit terms. The word "enumerate" is very frequently used with the meaning of "designate," or "specifically mention." Lexicographers give as definitions of the word, "to mention in detail," or "reckon up singly," "to tell," "to recount," "to relate." It must be held that this word applies to each of the specifications previously named in the clause, and that the legislature intended that the assessment should not be invalidated if neither the number, kind, amount, or quality of the personal property should be specifically mentioned. This construction is supported by the provisions of section 3885 of the Political Code, which provides that "no assessment or act relating to assessment or collection of taxes is illegal on account of informality."

This section was under construction by this court in *San Francisco* v. *Flood,* 64 Cal. 504, in which the only

description of the property assessed was "mining stock." That term did not show either the number, amount, or quality,— only its kind,— but the court held that it was sufficient. The court must have determined that it was not essential to "enumerate" the property in detail, i. e., to specify with precision its amount, quality, or number. This construction of the statute in sustaining the assessment is also supported by the authority of *People* v. *Sneath*, 28 Cal. 612. It is true that the statute under which the assessment in that case was made did not contain the provisions that are contained in section 3650 of the Political Code; but if we give to that section of the Political Code the construction above mentioned, and which appears to have been given to it in *San Francisco* v. *Flood*, 64 Cal. 504, it gives to the section a reading similar to that of the statute under which the assessment in *People* v. *Sneath*, 28 Cal. 612, was made.

It is not necessary that the assessment should contain as specific and exact description of the property assessed as would be necessary in an action to recover the same property. The object of requiring any description of the property is, that the tax-payer may know for what property he is assessed; and whatever is sufficient to identify that property with reasonable certainty is a sufficient compliance with the statute. As was said in *San Francisco* v. *Flood*, 64 Cal. 504: "If the description of the property assessed in the assessment is certain enough to inform the tax-payer for what he is to be taxed, it is sufficiently certain." The description in that case was "mining stock"; but in view of the fact that there are many species of mining stock, it can hardly be said that that term gave any greater description of the property assessed than the one in the case under consideration. (*People* v. *Home Ins. Co.*, 29 Cal. 549; *People* v. *McCreery*, 34 Cal. 441; *Monroe* v. *Town of New Canaan*, 43 Conn. 309; *Lewis* v. *Town of Eastford*, 44 Conn. 477; *Town of Hartford* v. *Champion*, 54 Conn. 436.) In the case last cited, the description of the property in the assessment was, "all taxable property not specifically mentioned,

twenty-five thousand dollars," and the assessment was upheld.

For the purpose of determining whether this description was sufficient to identify the property, and to give sufficient information to the tax-payer of the property for which he was assessed, the court was at liberty to examine the surroundings connected with the assessment.

Mrs. Shillaber died February 18, 1885, and the original defendant was appointed special administrator for her estate February 25, 1885. The assessment is of the property belonging to her estate on the first Monday of March of that year. Section 3642 of the Political Code provides that "the undistributed . . . . property of deceased persons may be assessed to the heirs, guardians, executors, or administrators"; and section 3639 provides that "when a person is assessed as . . . . administrator, his representative designation must be added to his name, and the assessment entered on a separate line from his individual assessment." The assessment in the present case was made to Carroll Cook, as the administrator of Mrs. Shillaber's estate. Whether he was special administrator or general administrator was immaterial. It was an assessment to him of only the property of the decedent whose estate he represented, and not of any of his individual property. This fact of itself eliminated all uncertainty as to whose property was intended by the assessment. The description of the personal property assessed to him as her representative was also made still more definite by adding the words, "as per inventory on file in the superior court, department No. 9."

Assuming that there was an inventory of the personal property of the estate of Mrs. Shillaber on file in the superior court, department No. 9, at the time the assessment was made, the administrator would thus be fully informed of the property for which the estate was to be taxed. That inventory must have been prepared by himself, and its contents were consequently within his knowledge. It is not essential that the assessment-book

shall in itself contain a complete description of the personal property to be assessed. It is sufficient if it clearly refer to any public record or document in which the details of the description may be found. The usual manner in which mortgages are assessed is by a reference to the volume and page in which they are recorded in the office of the county recorder.

The record does not disclose whether the administrator furnished this description to the assessor, or whether it was prepared by the assessor himself. It would appear from the plaintiff's specifications of error that the administrator did not give it, and that it was made by the assessor. The assignments of error are, however, merely the statements of the party, and not a portion of the record of the proceedings before the court, and we cannot look to them for the facts in the case. The sufficiency of the description, however, would not be affected by either of these conditions. If a description was absolutely uncertain, or if it were such that it did not give any information of the property assessed, it could not be sustained merely upon the ground that the assessor has made as good a one as he was able; while, on the other hand, if the description was merely defective in detail, but sufficiently explicit as not to mislead the taxpayer, he ought not to be heard to complain. As was also said in *San Francisco* v. *Flood*, 64 Cal. 504: "If the description was taken from a list furnished by the defendant, or some one on his behalf and by his authority, he ought not to be heard to complain of the insufficiency of the description. If made by the assessor without the aid of such list, the assessor has given a description as certain as could reasonably be required of him, and under such circumstances the defendant's objection to the assessment should not be regarded."

It is further contended by the respondent that there was no inventory of the estate of Mrs. Shillaber on file in the superior court, and that consequently the reference to it in the assessment was false, and must be disregarded in determining the sufficiency of the description.

It does not, however, appear from the record that there was no inventory of her estate on file at the time the assessment was made. It is found by the court, in accordance with the averment in the answer, that "there was no inventory of the personal or real property of said estate of Cynthia Hoff Shillaber on file in the superior court of San Francisco, or any county or city and county, on said day of March, 1885." The assessment, however, does not purport to state that it is of property of which there was an inventory on file on the first Monday of March. It was not essential to its sufficiency that the inventory should have been on file on that day. The assessor is not required to make his assessment on that day. Section 3628 of the Political Code provides that ",the assessor must, *between* the first Mondays of March and July in each year, ascertain . . . . all property in his county subject to taxation, . . . . and must assess such property to the persons by whom it was owned or claimed, or in whose possession or control it was at twelve o'clock, M., of the first Monday of March next preceding"; and section 3652 of the same code provides that he must complete his assessment-book on or before the first Monday in July in each year. In the city and county of San Francisco, the assessor must complete the assessment of personal property on or before the first Monday of June in each year. (Stats. 1874, p. 447.) The value of the property is to be affixed as of the first Monday of March, but a subsequent ascertainment by the assessor that such property was on that day under the control of the individual assessed is within the provisions of the statute, and in the present case it is not disputed that such was the fact. The complaint alleges that all the property " was in the possession of or under the control of said Carroll Cook, as such special administrator of said estate, at twelve o'clock, M., on the first Monday in March, 1885." The answer does not deny this allegation, but merely denies that "Cook, as such special administrator, had under his control or in his possession, at twelve o'clock, M., or at any other hour, on the first Monday in March, 1885, personal

property of the value of one hundred thousand dollars." This was merely a denial of the value of the property, but it was not competent for the court to investigate its value in this proceeding. That had been determined by the assessor when he fixed the value to it in the assessment-book; and if the defendant did not make any application to the board of equalization for a reduction of that valuation, he was bound thereby, and could not question its correctness in an action brought against him to recover the tax.

It may be assumed in this case that the assessor made the assessment at any time after the first Monday of March and before the first Monday of June; and we are not at liberty to assume that at the time it was made there was not on file in the superior court an inventory of the personal property belonging to the estate of Mrs. Shillaber. It is neither alleged in the answer, nor found by the court, that the inventory was not on file at some time prior to the first Monday of June; and the denial in the answer "that there was any inventory on file in said superior court, or any court, in the matter of said estate, at twelve o'clock, M., on the first Monday in March, 1885, or at any hour on said date," is equivalent to an admission that it was on file at any subsequent day.

The finding of the court "that said *tax* was assessed as of the date of twelve, M., on the first Monday of March, 1885," was not within any issue presented to it for trial, and may be disregarded. It may be observed, however, that it is the "property" which is by law assessed, and not the "tax." The tax is levied upon the property after the assessment has been made. Even if we consider that the court intended by this to find that the property was assessed as of the date of the first Monday of March, 1885, it is not a finding of the date *when* the assessment was actually made. If, however, by these words is meant that the value placed upon the property was that which it bore on the first Monday of March, it is only a finding of what the law would have implied, and was not a fact in the case.

The statement in the findings that there was an "attempted" assessment for personal property taxes may be disregarded. The *fact* which was found by the court is, that there was made and entered on the assessment-book of the city and county of San Francisco the following words and figures, to wit: "Cook, Carroll, administrator of the estate of Cynthia Hoff Shillaber, deceased, per. prop. as per inventory on file, superior court, dept. 9," with the valuation of said property and the amount of taxes thereon. This was a finding of a sufficient assessment, and upon the finding that such an assessment had been made, with the admission of the defendant that the amount of the taxes levied thereon was correct, the court should have rendered judgment for the plaintiff.

The objection that the action should have been brought against Cook as special administrator, and not as executor, is untenable. The cause of action is for taxes due from the estate of Mrs. Shillaber (Pol. Code, sec. 3642), and is properly brought against the custodian of that estate. No order or decree for the distribution of the property can be made until they have been paid. (Pol. Code, sec. 3752.) The liability of the administrator, therefore, is official, and not personal, and upon his resignation or discharge such liability is assumed by his successor in the same manner as is any other obligation of the estate.

We do not mean to be understood as holding that a defendant in a suit against him to collect a tax cannot show any facts that will defeat the regularity or sufficiency of the assessment. Our decision is based upon the proposition that the plaintiff, upon showing from the assessment-book an assessment which on its face purports to be sufficient, has, in the absence of any evidence to controvert it, established its right to recover. If the defendant would overcome the effect of this evidence, it was incumbent upon him as an affirmative proposition to introduce evidence therefor. No such evidence having been introduced by him, the court should have rendered its judgment in favor of the plaintiff.

The judgment and order of the court below are reversed, and that court is directed, upon the facts heretofore found by it, to enter judgment in favor of the plaintiff, as prayed in the complaint.

SHARPSTEIN, J., DE HAVEN, J., McFARLAND, J., GAROUTTE, J., and PATERSON, J., concurred.